## COTTEN vs. THOMPSON.

1. In a claim suit under the statute, although the claimant cannot defeat the execution by interposing the title of a third person, yet where he himself has an undivided interest in the property, as where it belongs to him and a third person, a stranger to the suit, he may interpose his title, and thereby defeat the execution.

ERROR to the Circuit Court of Talladega.

Tried before the Hon. ROBERT DOUGHERTY.

RICE & MORGAN, for plaintiff in error.

L. E. PARSONS, contra.

DARGAN, C. J.—An execution was issued against Solomon Spence in favor of the defendant in error, and was levied upon a slave then in the possession of one Savery. The plaintiff in error claimed the slave as his own, and made the oath and gave bond to try the right of property according to the statute. Upon the trial the testimony tended to show, that the slave belonged jointly to the claimant and to Savery, in whose possession he was at the time of the levy. The court instructed the jury, that if they believed that Savery had the possession of the slave at the time of the levy, and claimed and owned one-half interest in said slave, they must find it subject to the execution.

The case of McGrew v. Hart, 1 Por. 175, is decisive in favor of the plaintiff in error. In that case it was said, that, as a general rule, the claimant of property levied on by execution, could not interpose the title of a third person to defeat the execution. But when the claimant has an undivided interest in the property, as where it belongs to him and to some third person, not a party to the suit, this would form an exception to the general rule, and would warrant the interposition of his title, to show that the defendant in execution had none.

We do not deem it necessary to add argument to this authority. The decision has been made for many years, has regulated the practice on this subject, and can never be productive of injustice; but, on the contrary, may, in many cases, protect joint owners in the possession of their rights; we therefore cheerfully abide by it. If it had been shown that the claimant and Spence, the defendant in execution, owned the slave jointly, then a different question would have been presented, but one upon which we are not called on to express any opinion.

Let the judgment be reversed, and the cause remanded.