# Pace, Lavender & Harper v. Lee & Co.

*Action commenced by Attachment ; Trial of Right of Property.*

1. *Irregularities in attachment suit not available to claimant.* — When a claim is interposed under the statute to property taken under attachment, the claimant

[Pace *v.* Lee.]

cannot, on the trial of the claim suit, take advantage of any mere errors or irregularities in the proceedings against the defendant in attachment.

2. *Parties to suit; regularity of judgment by default against partnership as claimant.* When a claim to property, which has been taken under attachment, is interposed by one partner, in the name of the partnership, the subsequent proceedings are properly conducted against the partnership as claimant, although the forthcoming bond is given by said partner individually, and recites that he "has filed a claim," &c.; and a recital in the judgment entry, that the person who interposed the claim is a member of the partnership, will be held sufficient on error to sustain a judgment by default against the partnership as claimant.

APPEAL from the Circuit Court of Dallas.

The record does not show the name of the presiding judge.

The record in this case shows that, on the 30th November, 1867, an action was commenced by original attachment, issued by the clerk of said Circuit Court, at the suit of Lee & Co. against James A. Fountain. The attachment was levied by the sheriff, on the 19th December, 1867, on six bales of cotton; and on the 13th January, 1868, he made the following return on the writ: " The above property levied on was turned over to W. B. Harper, the parties claiming the property, by his making affidavit and giving bond, as required by law." The affidavit, as copied into the record, is made by W. B. Harper before a justice of the peace, and states that said six bales of cotton " is the property of Pace, Lavender & Harper, and ·that the said Pace, Lavender & Harper have a just claim to said property; " while the bond for the forthcoming of the property is signed by W. B. Harper individually, and recites that he " has filed a claim to six bales of cotton," &c. On the 7th March, 1868, a judgment by default, with a writ of inquiry, was taken against the defendant in attachment; and on the 22d March, 1870, the following judgment was rendered: —

"P. Lee & Co., plaintiffs,
 *vs.*
 James A. Fountain, def't;
 Pace, Lavender & Harper,
 claimants.

Came the parties, and came also a jury," &c., " who, upon their oaths, do say, that they assess the plaintiffs' damages at $936. And it appearing to the satisfaction of the court, that this suit was commenced by attachment, on the 30th day of November, 1867 ; and that said attachment was levied by the sheriff of said county on six bales of cotton, marked *P. L. H.*, as the property of James A. Fountain ; and that said James A. Fountain, in 1868, after the levy of said attachment, applied for the benefit of the act of Congress, entitled ·'An act to establish a uniform system of bankruptcy throughout the United States,' and was duly discharged in January, 1870, by the District Court of the United States at Montgomery, on his own petition, under said act ; it is therefore considered by the court, that the plaintiffs have and recover of the said James A. Fountain said sum of $936, and

the costs in this behalf expended; for which execution may issue, to be levied only of the six bales of cotton so levied on as aforesaid. It is further ordered by the court, that an issue be made up between the plaintiffs and the said claimants, to try the right of property in said six bales of cotton; in which plaintiffs shall aver that the said property is the property of the said James A. Fountain, and liable to the satisfaction of said attachment."

The issue tendered by the plaintiffs under this order, as copied into the transcript, states the names of the parties as in the judgment entry above set out, and is marked "Filed Mar. 31, 1870." On the 24th November, 1871, the following judgment was rendered in the cause:—

"P. Lee & Co. vs. James A. Fountain, def't; Pace, Lavender & Harper, claimants.

This day came the plaintiffs, by their attorneys; and it appearing to the court that this suit was commenced by attachment, on the 30th day of November, 1867, against said James A. Fountain, defendant; and that said attachment was levied by the sheriff of said county, on the 19th December, 1867, on six bales of cotton, marked *P. L. H.*, as the property of said James A. Fountain; and that said sheriff, at the time of said levy, took said six bales of cotton into his possession under said attachment; and that afterwards, on the 9th day of January, 1868, W. B. Harper, one of the firm of Pace, Lavender & Harper, claimants, made an affidavit claiming said six bales of cotton as the property of said Pace, Lavender & Harper, and executed a claim bond, with sureties; and thereupon, on the 13th day of January, 1868, the said sheriff delivered said six bales of cotton to the claimant, and returned said affidavit and bond to the court; and the said plaintiffs having offered to make an issue with the claimants, as required by the statute, and having alleged in writing, filed in court, 'that the said six bales of cotton is the property of the defendant in attachment, and liable to the satisfaction of said attachment;' and the said claimants, being called to come into court, came not, but made default; thereupon came a jury," &c., "who, on their oaths, do say, 'We, the jury, find that the six bales of cotton levied on is the property of the defendant in attachment, and liable to the satisfaction of the same, and we assess the value of each of said bales of cotton at ninety dollars.' It is therefore considered by the court, that the said six bales of cotton, so levied on as aforesaid, be condemned to the satisfaction of the said attachment, and that the plaintiffs recover of the said claimants the costs accruing by reason of the interposition of said claim, for which execution may issue."

[Pace *v.* Lee.]

From this judgment, an appeal is sued out by "the claimants in this case, Pace, Lavender & Harper." The assignment of errors has become detached from the record, and cannot be stated. The appellees submitted a motion to dismiss the appeal, on the ground stated in the brief of their counsel; and the cause was submitted on the merits at the same time with the motion to dismiss.

JOHNSTON & NELSON, for appellants. — 1. The court erred in rendering judgment against the defendant in attachment at the return term of the writ. Rev. Code, §§ 2660, 2661, 2998; *Standifer* v. *Toney, Grantland & Co.* 43 Ala. 70.

2. The court erred, also, in rendering judgment against the defendant in attachment before the claim suit was disposed of, as there was no personal service, and no levy on other property. Rev. Code, §§ 2986–87; *Randolph* v. *Peck & Co.* 4 Ala. 389.

3. The court erred, also, in rendering judgment against the defendant in attachment after his final discharge in bankruptcy; and such a judgment will not sustain a judgment against the claimants. *Loring* v. *Eager*, 3 Cush. 188; *Carpenter* v. *Turrell*, 100 Mass. 450.

4. The record of the claim suit shows that appellees were partners, but the names of the partners are nowhere shown.

5. The record does not show that the claim was ever instituted or authorized by the appellants, their agent, or attorney; and they cannot be bound by the unauthorized act of a stranger. The burden of proof was on the plaintiffs, and their judgment should have been against Harper alone. Rev. Code, §§ 2966, 3018; *Faver & Mount* v. *Briggs*, 18 Ala. 478.

6. The appellants should not have been put to the expense of a trial, unless the plaintiffs had a valid judgment against the defendant in attachment. *Amason* v. *Nash*, 19 Ala. 104; *Griffin* v. *Griffin*, Ib. 27; *Ware* v. *Todd*, 1 Ala. 199.

7. The statute only permits appeals to parties against whom the judgment complained of is rendered. Any attempt to make new parties, after final judgment, would vitiate the proceedings. See Brickell's Digest, vol. 1, pp. 90–92, §§ 101, 119, 120.

PETTUS & DAWSON, *contra*. — 1. A suit cannot be brought in the name of a partnership, without stating the individual names of the partners. An appeal is the commencement of a new suit. Hence, the appeal should be dismissed.

2. Irregularities in the judgment or proceedings against the defendant in attachment, are not available to the claimants. *Collingsworth* v. *Horn*, 4 S. & P. 221.

[Pace *v*. Lee.]

3. That the judgment against Fountain, after his discharge in bankruptcy, was properly rendered, see *Peck* v. *Jenness*, 7 Howard, 612, 619.

4. The record shows everything necessary to sustain the judgment against the appellants as claimants.

BRICKELL, J. — Notwithstanding the defects in the mode of prosecuting this appeal, we think it sufficient to confer jurisdiction on the court. If we should sustain the motion to dismiss, it would probably lead to the prosecution of a new appeal, when the same questions now presented would again arise for consideration. As these questions do not seem to us difficult, or doubtful, we have concluded to pass over the motion to dismiss, especially as thereby no injury can result to the appellees.

1. Four of the assignments of error refer to irregularities in the rendition of judgment against the defendant in attachment. If these irregularities exist, that judgment is not before us for revision on this appeal. The judgment from which the appeal is taken, is the judgment against the appellants as claimants on the trial of the right of property; not the judgment against the defendant in the attachment suit. Since the decision in *Collingsworth* v. *Horn* (4 Stew. & Porter, 221), it has been uniformly and repeatedly adjudged by this court, that the claimant, on the trial of a right of property, cannot question the validity of the judgment, or the regularity of the process under which the property is sought to be condemned. Such an inquiry is foreign to the issue between the parties. Whether he may or may not show the judgment or the process to be void, is another question. He cannot show that it is merely irregular, or erroneous. *Harwell* v. *Floyd*, 3 Ala. 16 ; *Fryer* v. *Dennis*, 2 Ala. 144 ; *Perkins & Elliott* v. *Mayfield*, 5 Porter, 182.

2. The remaining assignments of error question the regularity of the judgment against the appellants, as claimants of the property levied on by the attachment. The facts shown by the record are, that after the levy of the attachment, W. B. Harper made affidavit that the property attached " is the property of Pace, Lavender & Harper, and that the said Pace, Lavender & Harper have a just claim to said property." At the same time, he executed his individual bond with surety, in which it is recited, " the above named W. B. Harper has, the day of the date hereof, filed a claim," &c. It appears that, on the making of this affidavit, and the execution of this bond, the sheriff surrendered the property attached, returned the affidavit and bond, with the attachment, to the Circuit Court. The cause is styled in the entry of judgment against the defendant

in attachment, as " P. Lee & Co., pl'ffs v. James A. Fountain, def't; Pace, Lavender & Harper, claimants;" and the order is, "that an issue be made up between the plaintiffs and the said claimants, to try the right of property," &c. In this entry it is recited, that Harper, who made the affidavit, and gave the bond, is a member of the firm of Pace, Lavender & Harper. The proper issue is tendered by the plaintiffs, and is entitled as is the judgment entry. The judgment against the appellants is by default, and the style of the case is that adopted in the judgment entry against the defendants in attachment. This judgment recites, that the appellants were claimants, and the judgment is against them as such. The application of the appellants for an appeal from this judgment is in writing, and the cause is entitled as in the minute-entries to which we have referred, and recites, " the claimants in this case, Pace, Lavender & Harper." It is assigned as error, that it does not appear that the claim suit was instituted by the appellants, or by their authority, and that it does not appear that Harper, who made the affidavit and gave the bond, was a copartner of Pace, Lavender & Harper.

The proceedings are not very formal; but we think it sufficiently appears that Harper, who made the affidavit and gave the bond, is a partner of, or jointly interested with the appellants. The affidavit he makes is not of a personal ownership of, or claim to the property attached, but it is of the ownership and claim of Pace, Lavender & Harper. The claim to property levied on must be interposed by the person having the right, or some one representing him. By the interposition of a claim, the right and title of the claimant only is put in issue. On that he must rely, and cannot set up an outstanding title in a stranger, no matter how valid and sufficient, to defeat the levy. *Thomas* v. *De Graffenreid*, 17 Ala. 602; *Cotten* v. *Thompson*, 21 Ala. 574. Construing the entire record in connection with this well settled rule in reference to trials of the right of property, it sufficiently appears that the appellants were claimants. Under the affidavit made by Harper, no other right or title than that of the appellants could have been tried. An individual right of Harper's, with which the other appellants had no connection, would not have supported the claim, and could not have been given in evidence.

The judgment of the Circuit Court is affirmed.