LEPPEL, APPELLANT, v. BECK, APPELLEE.

1. AFFIDAVIT IN ATTACHMENT—DEFECTIVE.

An affidavit in attachment which fails to state definitely the nature of
    the demand, is defective, but not so defective as to render the pro-
    ceedings thereunder absolutely void because of the provision of the
    code permitting the amendment thereof.

2. SAME—COLLATERAL ATTACK.

The sufficiency of the affidavit cannot be attacked collaterally by a third
    party.

*Appeal from the District Court of Garfield County.*

Mr. M. J. BARTLEY, for appellant.

Mr. C. W. DARROW, for appellee.

RICHMOND, P. J., delivered the opinion of the court.

On June 22, 1891, in the county court of Garfield county,
the appellee herein, Chris. Beck, commenced an action against
one Joshua T. Boyd, in which action a writ of attachment
issued directed to the sheriff of Garfield county.

The affidavit in attachment, after giving the caption and title of the case, is in words and figures as follows :

" Chris. Beck, of the said county, being duly sworn, doth depose and say that Joshua T. Boyd, against whom the said Chris. Beck is about to sue out an attachment, is justly indebted to him in a sum of money not exceeding twenty hundred dollars, to-wit, the sum of fourteen hundred eighty-one and fifty-two one-hundredths dollars, and that said demand is wholly due and unpaid, and that said demand is upon overdue book accounts and upon contracts for the direct payment of money."

Under the attachment writ the sheriff levied upon a stock of groceries, dry goods, liquors and other personal property. Subsequently an order of the county court upon proper showing was made, directing the property attached to be sold, which was done, and the sum of $1,605 was realized, and this sum now remains in the hands of the sheriff awaiting the termination of this appeal.

On the 11th of July, 1891, appellant recovered a judgment against Joshua T. Boyd for the sum of $1,422.92, upon which judgment a writ of execution was issued, and was delivered to the sheriff on July 18, 1891, and remained in his hands at the time of the intervention proceedings hereinafter mentioned.

In July, 1891, in the attachment proceedings of Beck v. Boyd, appellant filed his petition of intervention by claiming that the writ of attachment in that action was issued without authority of law, because the affidavit upon which the writ of attachment was founded wholly failed to state the nature of the indebtedness claimed to be due from defendant to plaintiff; and sought to have the moneys in the hands of the sheriff applied in satisfaction of the judgment in his favor.

To this petition a general demurrer was filed. The county court sustained the demurrer and plaintiff elected to stand by his petition, and appealed to the district court of that county, where the demurrer to the petition was also sus-

tained.   Judgment was entered and an appeal brought to this court.

The questions for our consideration are: First: Was the affidavit in attachment sufficient to authorize the issuance of a writ of attachment.   Second: Can a subsequent creditor attack the sufficiency of an affidavit by petition of intervention.

The code provides that no writ of attachment shall issue unless the plaintiff, his agent or attorney, or some credible person for him, shall file in the office of the clerk of the court in which.the action is brought an affidavit, setting forth that the defendant is indebted to such plaintiff, stating the nature and amount of such indebtedness as near as may be, and alleging any one or more of the following causes for attachment * * *.   That the action is brought upon an overdue promissory note, bill of exchange, or other written instrument for the direct and unconditional payment of money only, or upon an overdue book account.   Sec. 92, Acts 1887, 121–123.

Section 117 of the Code provides that, "No writ of attachment shall be quashed nor any garnishee discharged, nor any undertaking given by any person or persons under proceedings by attachment be rendered invalid, nor any rule entered against a sheriff, discharged on account of any informality or insufficiency of the original affidavit, or of the original undertaking given for the attachment, if the plaintiff or the plaintiffs, or some credible person, or his agent, or attorney for him or them, shall file a sufficient affidavit in the cause. * * * And if on the trial of the issue formed by the traversing of the allegations in the affidavits for attachment, it shall appear that the evidence introduced by the plaintiff does not tend to prove the cause or causes of attachment alleged in the affidavit, but the evidence does tend to prove other cause of attachment in this act, then the plaintiff may on motion, showing good cause therefor, be allowed to amend his affidavit to correspond to the proof, the same as pleadings by this act are allowed to be amended in cases of variance."

It will be observed that the affidavit does not strictly com-

ply with the provisions of the code above recited in this: That it does not definitely state the nature of the demand. It does however state the amount of the demand and that the same is based upon overdue book accounts and upon contracts for the direct payment of money. But it fails to state what portion of the entire sum due is based upon book accounts and what portion upon contracts for the payment of money. In this respect we think that the affidavit is defective, but we are not prepared to admit that it is so defective as to render the proceedings thereunder absolutely void because of the subsequent provision of the code in providing that the writ shall not be quashed for any informality or insufficiency of the original affidavit. And the further provision that the affidavit may be amended, for good cause shown, to correspond with the proof.

The affidavit in this suit was not attacked by the defendant in the attachment proceedings, nor does the record disclose that he contemplated interposing any defense whatever to the proceedings. This therefore brings us to the consideration of the question: Can the affidavit be attacked by a third party in a collateral proceeding?

This question has received the consideration of this court in the case of *Elliott v. The First National Bank of Colorado Springs*, *ante*, p. 164, wherein it is determined that questions of the nature here presented must be raised between the parties to the suit, that they cannot be raised collaterally by a third party. To admit a contrary view would be, in our judgment, announcing a principle that would render absolutely useless the provisions of the code embraced in section 117. It would allow a third party to accomplish by an indirect proceeding what in effect the defendant in the original attachment proceedings could not accomplish. It cannot be denied that had the defendant in the attachment proceedings interposed a motion to dissolve the attachment on the ground of the informality or insufficiency of the affidavit, it would have been the duty of the court granting such

motion to permit the plaintiff to amend his affidavit to conform to the requirements of the practice act.

If however we should hold that this proceeding could obtain, and the money in the hands of the sheriff be subject to the creditor's execution, that would be depriving the plaintiff of a privilege which the statute directly confers upon him. We think that the language of the statute is sufficient of itself to show that the affidavit nor the bond could be attacked collaterally by a third party.

In *Dixey v. Pollock*, 8 Cal. 570, it was determined that, " In a contest between the attaching creditors, all the equities are in favor of the most diligent, and that an irregularity cannot be taken advantage of by a stranger, to the action in which it occurs." That, " The subsequent execution or attachment creditor can claim no equitable relief. If the proceedings of the prior creditor are not void, but voidable, the defendant alone can object.

*Scrivener v. Dietz*, 68 Cal. 1, was a case somewhat similar to the one in hand, and the court, after determining that there was an irregularity in the affidavit said, " Admittedly this irregularity in the affidavit constituted good ground for a motion by the attachment debtor to dissolve the attachment; and if such a motion had been made by him to the court in which the action was pending, it would have been the duty of the court to have dissolved the attachment. But neither the regularity of the affidavit, nor the validity of the attachment issued upon it, was questioned by the debtor; he therefore waived whatever irregularities existed in either, and as against him at least the attachment was valid and operative. So that its execution, if according to law, operated to create a provisional lien upon the property on which it was levied in favor of the attaching creditors; and as this lien, upon the recovery of a judgment in the action is *transit in rem judicatam*, and is merged in the judgment, the attachment proceedings are not attackable collaterally for an infirmity in the affidavit. Notwithstanding the infirmity, the attachment was not void; it was only voidable at the

instance of the attachment defendant, and could not be assailed collaterally by a stranger. *Harvey v. Foster*, 64 Cal. 296 ; *Porter v. Pico*, 55 Cal. 165.

In *Pace et al. v. Lee & Co.*, 49 Ala. 571, it is said that, " When a claim is interposed under the statute to property taken under attachment, the claimant cannot, on trial of the claim suit, take advantage of any more errors or irregularities in the proceedings against the defendant in attachment."

In *Morisi v. Swift*, 15 Nev. 215, it was held that, " An objection to the validity of an attachment upon the ground that the affidavit and undertaking was defective, cannot be raised by a third party in a collateral proceeding.

Appellant insists that the California authorities are not in point, because he has been unable to find in the code of that state a provision allowing intervention in attachment proceedings.

Upon investigation we find that this position is not well taken, as the supreme court of that state have repeatedly determined that such proceedings were proper and warranted under the practice act of that state. *Davis v. Eppinger*, 18 Cal. 379, and cases cited ; *Coghill & Co. v. Marks et al.*, 29 Cal. 673.

Besides, under our statute allowing the affidavit to be amended in case it is attacked by the debtor, the contention is untenable.

The judgment must be affirmed.

*Affirmed.*