## CAWTHON v. COCHELL.

No. 4936.

Court of Civil Appeals of Texas. Amarillo.

Oct. 17, 1938.

Rehearing Denied Nov. 12, 1938.

John A. Coffee, of Big Spring, and W. H. Russell, of Hereford, for plaintiff in error.

James W. Witherspoon, Carl Gilliland, and James C. Gilliland, all of Hereford, for defendant in error.

STOKES, Justice.

This is a suit filed by defendant in error for rescission and cancellation of a deed executed by her on September 5, 1934, in which she conveyed to plaintiff in error a half section of land located in Deaf Smith County. The petition consists of three counts. In the first count she alleges, substantially, that she conveyed the land to plaintiff in error upon an express parol trust to the effect that she would remain the owner of the land but, she being a very elderly woman, ignorant of the manner in which business transactions should be conducted, infirm and unable to look after her business affairs; and plaintiff in error being a man in the prime of life, vigorous health and well versed in business matters, especially those pertaining to real estate and renting and handling the same, the deed was executed in order to place the title to the land in his name that he may be able better to manage and handle it for her. She alleged that plaintiff in error, taking advantage of the unconditional conveyance, had repudiated the trust and was claiming and using the land as his own.

The second and third counts of the petition set up, in the alternative, facts which, if true, would constitute an equitable constructive trust. In those counts it is alleged, substantially, that defendant in error had complete confidence in plaintiff in error and had arranged with him to act as her agent in managing and handling all of her business affairs which consisted principally of landed interests and loaning money. She alleged that plaintiff in error had often assured her that he would protect and guard her interests and advise her concerning the proper manner in which all of her business affairs should be conducted and that he would not at any time take advantage of her in any way but would always handle and manage her properties for her best interests and advantage. She alleged that, to enable him thus to manage and handle her properties she had executed and delivered to him a general power of attorney, under which he had acted for some time and that, without any previous discussion or suggestion, plaintiff in error

had the deed prepared and presented to her for execution and that she executed it, believing that, in view of plaintiff in error's request that she do so, it was for her best interest and in reliance upon the assurances previously made to her by plaintiff in error that he would faithfully look after her business matters, advise her properly with reference thereto, and not take any advantage of her. She alleged that about the month of November, 1935, she learned plaintiff in error had caused the deed to be placed of record in the deed records and that, instead of managing and handling the land for her interest, he was claiming it as his own.

She prayed for judgment, vesting the title in her; for cancellation and rescission of the deed; removal of the cloud cast upon her title by the same, and for general relief.

The case was submitted to a jury under a general charge upon the theory of a constructive trust, the allegations of an express trust being ignored in the charge.

The jury returned a general verdict in favor of defendant in error and, his motion for new trial being overruled, plaintiff in error gave notice of appeal and presents the case to this court upon seven assignments of error which may be reduced to four general contentions: First, that the court erred in submitting the case upon the theory of a constructive trust, whereas the pleading and proof pertain to an express trust; secondly, that the court erred in overruling his exceptions to the pleading to the effect that defendant in error was seeking the equitable relief of rescission and cancellation and did not offer to do equity by reimbursing plaintiff in error certain sums of money which he had expended in connection with his management of the property; thirdly, improper argument of defendant in error's counsel and, fourthly, estoppel by reason of certain facts alleged by him.

As to the first contention, while the first count of defendant in error's petition pleaded in detail, and rather extensively, that plaintiff in error persuaded her to execute the deed and deliver it to him in order to enable him better to care for and look after the land for her and that it was understood she would at all times remain the owner of it and that she executed and delivered the deed to him in reliance upon such representations, and other matters entirely sufficient to set up an express trust in parole, the evidence produced upon the trial fell short of proof of such matters. Both plaintiff in error and defendant in error testified that the matter of her execution of a deed conveying the land to him was never discussed between them. On the other hand, it is shown that on the 5th of September, 1934, one W. E. Mitchell came to the home of defendant in error and presented the deed to her for execution, stating to her that plaintiff in error had prepared the deed and delivered it to Mitchell, with the request that he take it to defendant in error and request her to execute it. Both parties to the litigation testified unequivocally that defendant in error reposed complete confidence in plaintiff in error. The record shows she was a woman eighty-three years of age, owned considerable property; that she knew little or nothing about business matters; that she was infirm and unable to read except with great difficulty; that she was a widow and had no one upon whom she could rely to assist her in transacting her business affairs. It is further shown she had executed and delivered to plaintiff in error a power of attorney and that he not only managed her landed interests but also her bank account, notes and other personal property, checking upon her account without consulting her, depositing her money in the bank and withdrawing it at will, collecting rents and in general that he was in complete control of all she had and that she depended upon him implicitly for advice and meekly followed his suggestions and instructions without questioning them. She testified she had already turned the management of the land over to plaintiff in error with the understanding he was to look after it because he could look after the lands and other things better than she could. She testified, in effect, that she did not know why plaintiff in error desired the deed but that she supposed it was necessary in order to facilitate his handling of her business pertaining to the land. The record shows plaintiff in error was her agent and in complete control of all her property; that there was no agreement nor conversation had between them with reference to the deed, and the consideration of $250 recited in the deed was not paid.

The courts have suggested many definitions of a constructive trust, nuances appearing on account of the various states of fact presented in the many cases that have been considered. In the class of cases to which this case belongs an accurate

definition would be that it is a trust which is not expressed but is imposed upon a person by a court of equity upon the ground of public policy so as to prevent him from holding for his own benefit and advantage that which he has gained by reason of a fiduciary relation subsisting between him and those for whose benefit it is his duty to act.

■ Cases tried by jury should be submitted upon facts alleged in the pleadings and shown by the evidence. It has never been proper to submit to the jury matters that have no support in the evidence although they may be fully set forth in the pleading. Goggan & Bro. v. Goggan, Tex. Civ.App., 146 S.W. 968. Under the approved definitions of the various trusts created by the beneficial principles of equity, this case, upon the pleading and proof, falls clearly within what equity terms a constructive trust and, although in the first count of her petition defendant in error alleged facts which, if true, would constitute an express trust, she also, in the other counts, alleged facts which, if true, would constitute a constructive trust. The proof supported the latter and there was none whatever in support of the former. The trial court, therefore, properly submitted the case to the jury upon the latter theory. This contention of plaintiff in error is, therefore, overruled. Lipsitz v. First Nat'l. Bank, Tex.Com.App., 293 S.W. 563; Olcott v. Gabert, 86 Tex. 121, 23 S. W. 985; 1 Pomeroy's Eq.Jur. 190.

■■ The second contention of plaintiff in error, viz., that defendant in error was not entitled to recover because she did not offer to reimburse him for expenditures he made in connection with the land after the deed was executed is based principally upon his special exception to defendant in error's petition, which exception was overruled. He pleaded that he had expended various amounts in financing a readjustment of a loan upon the land, which loan was held by the Federal Land Bank of Houston, and that, out of his own funds, he had paid certain expenses incident to the erection of a fence on the land, some taxes and other items amounting in the aggregate to $401.04. He asserts that defendant in error was not entitled to the equitable relief of rescission and cancellation because she did not offer to restore these amounts and that, the testimony having established the expenditures as alleged by him, the judgment, at least, should have so provided. The principle controlling the disposition of this contention is involved in the question of whether the money was expended in good faith by plaintiff in error and under his belief that he was the real owner of the land, or whether they were made by him in bad faith in pursuance of the alleged fraudulent scheme to circumvent the owner and more securely to ensconce himself as the owner of the land. The money representing these items not having been paid to defendant in error did not constitute an equity connected with the rescission sought by her. The facts show that plaintiff in error had for a year or more been acting as the agent of defendant in error and defendant in error's case was based upon allegations which, if true, branded as fraudulent the transaction under which he procured the apparent title to the land. If it was procured through fraud, neither estoppel nor a claim for the value of improvements nor other expenses incurred by him, not connected with the conveyance, could, in equity, be predicated upon any rights which he may claim to have thereunder. Chambers v. Wyatt, Tex.Civ.App., 151 S.W. 864; McIndoo v. Wood, Tex.Civ. App., 162 S.W. 488.

■ In support of his contention in this respect, plaintiff in error cites us to the case of Home Investment Co. v. Strange, 109 Tex. 342, 195 S.W. 849, 204 S.W. 314, 207 S.W. 307. That was a case in which, in litigation similar to that involved in this case, an attorney contended for certain fees for legal services and other expenses incurred by him in connection with the involved property. He had been employed to perfect for his client the title to some land and, in doing so, he paid out certain sums as purchase money and took the title in his own name. The court held he was entitled to be reimbursed for the money he so paid, but that he was not entitled in that suit to fees for legal services or the expense incurred by him outside of the actual purchase money, and that such items do not come within the rule requiring a reimbursement of purchase money. We do not think that case supports the contention of plaintiff in error and his contentions in this respect are overruled.

■■ As to the contention of plaintiff in error that counsel for defendant in error indulged in argument to the jury that was

improper, inflamatory and prejudicial to plaintiff in error, we have carefully examined the testimony and are of the opinion that, under a reasonable interpretation, the argument and statements to the jury made by counsel did not transcend the record. We deem it unnecessary to quote the statements made by counsel or the testimony to which it referred. The trial judge immediately sustained the objection and admonished counsel to confine himself to the record. Counsel for plaintiff in error did not request a special instruction to the jury in reference to it and if it should in some respects lack support in the record, we perceive no harm that could have resulted and these assignments are overruled.

After the deed was executed by defendant in error, the plaintiff in error negotiated with the Federal Land Bank to segregate the half section of land conveyed to him from the other half of the same section, all of which was included in a loan held by the Federal Land Bank. In order to clear up a matter that had created some doubt as to the manner in which plaintiff in error came into the ownership of the land and the amount of consideration he had paid for it, he wrote a letter to the Federal Land Bank in which he stated that, several years prior, he had negotiated some sales and trades for Ira Cochell, the son of defendant in error, for which Ira Cochell owed him commissions amounting to $1300 and that these commissions, together with the $250 recited in the deed as having been paid in cash, and the assumption of the Federal Land Bank loan, constituted the consideration which he paid for the land. He stated, also, that he was making application for a renewal and extension of half of the loan, together with some interest and taxes due on the land. The letter further stated that, to verify the statement he had made, plaintiff in error was having Hettie Cochell, mother of Ira Cochell, sign the letter with him. Defendant in error signed the letter and it is the contention of plaintiff in error under these assignments that Mrs. Cochell having signed the letter and knowing plaintiff in error was making application for a renewal and extension of the loan and executing his personal obligation therefor, defendant in error is estopped from denying his title and ownership and from recovering the land. We are unable to see any elements of estoppel in this contention. It is not contended that by signing the letter presented to her by plaintiff in error Mrs. Cochell induced him to perform any act which he would not otherwise have performed. The letter was written by plaintiff in error himself for the purpose of explaining to the Federal Land Bank some matter that had arisen in connection with an application which had already been made by him to readjust and renew the loan. He does not contend that the letter or any other act of defendant in error induced, persuaded or in any manner caused him to make the application. The record shows defendant in error did not know he was making the application to renew the loan until he presented the letter for her signature. Indeed, in the letter itself, he states to the Federal Land Bank that defendant in error is signing it with him in order to verify the statements which he had made in the letter concerning the manner in which he had come into ownership of the land and the consideration he had paid for it. These facts and circumstances fall entirely short of presenting a condition in which estoppel would apply and these contentions of plaintiff in error are overruled. Griffith et al. v. Rife et al., 72 Tex. 185, 12 S.W. 168.

The only other assignment of error which is briefed and presented for consideration complains of the action of the court in overruling plaintiff in error's objection to testimony given by defendant in error concerning her intentions and purposes when she executed and delivered the deed, contending that her secret intentions not communicated to him were not binding upon him. Generally speaking, these assertions are correct, but they do not apply to this case. There had been no discussion between the parties with reference to the execution of the deed. The record shows that, when Mitchell presented the deed to defendant in error for her execution, the only information he gave her was that plaintiff in error had had it prepared, given it to him and requested him to have it executed by her. It is shown she reposed absolute confidence in plaintiff in error and believed he would handle all of her business transactions in a manner that would be to her advantage and for her best interests. She testified she never intended to make an absolute conveyance of the land to plaintiff in error and, there having been no discussion between them nor any agreement concerning the matter, her purpose and intention in executing and delivering

the deed under the circumstances was a very pertinent and proper subject of inquiry. Hamburg v. Wood & Co., 66 Tex. 168, 18 S.W. 623.

We have carefully considered all of the contentions made by plaintiff in error, together with all assignments and propositions presented and briefed by him and, being of the opinion that no error is shown by any of them, the judgment of the trial court is in all respects affirmed.