**STRATES et al. v. DIMOTSIS et al.**

**No. 9326.**

Circuit Court of Appeals, Fifth Circuit.

March 20, 1940.

Rehearing Denied May 22, 1940.

Edward B. Ward and Jefferson D. Todd, both of Corpus Christi, Tex., for appellants.

J. Allen Wood, John C. North, and L. Hamilton Lowe, all of Corpus Christi, Tex., Elias Gatoura, of Houston, Tex., and Raymond Edwards, of San Antonio, Tex., for appellees.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This suit was brought by the surviving heirs of George Dimotsis to impress a trust upon certain real estate located in

Corpus Christi, Texas. The court made findings of fact and conclusions of law and rendered judgment in favor of the plaintiffs, appellees.

George Dimotsis came to this country from Greece in 1925. He went into business at Corpus Christi and was living there at the time of his death on July 10, 1933. His surviving heirs were his wife, Mrs. Eugenia Dimotsis, and two minor children, Katherine G. Dimotsis and Lambros G. Dimotsis, all resident citizens of Greece.

George Dimotsis left a will which disposed of ·certain personal property but which did not dispose of the real estate involved in this suit. The will was probated, and George Strates, a nephew of George Dimotsis, and J. L. Dimotsis, his half brother, were appointed administrators of the estate. They qualified and took possession of all the property belonging to the estate. J. L. Dimotsis, in addition to serving as administrator, served as guardian of the estate of the minor children.

At the time of George Dimotsis' death the building here involved was subject to a deed of trust in favor of Southwestern Life Insurance Company to secure a principal indebtedness of $50,000. During the administration George Strates and J. L. Dimotsis experienced difficulties in refinancing the first lien indebtedness. During all this time, however, they assured Mrs. Dimotsis, by letters, that they would look after and protect her interests. J. L. Dimotsis wrote most of the letters to the widow, but Strates knew the contents of the letters and authorized and acquiesced in the representations made. J. L. Dimotsis likewise knew of and acquiesced in all representations made by Strates. Mrs. Eugenia Dimotsis, who neither spoke nor understood the English language, placed trust and confidence in these men and relied upon their representations.

The court found that the correspondence with Mrs. Dimotsis was carried on by Strates and Dimotsis with the intent and design to conceal from her their scheme to acquire the property for themselves, and to prevent her from attempting to have the property refinanced.

On January 10, 1935, the Southwestern Life Insurance Company filed application in the Probate Court for an order authorizing the administrators to sell the property to satisfy its debt which then aggregated $59,041.51. The Probate Court ordered the sale and on the first Tuesday in March, 1935, the administrators sold the property to the insurance company. On April 16, 1935, the Probate Court approved the sale, discharged the administrators, and closed the estate. Immediately thereafter and on May 1, 1935, George Strates and J. L. Dimotsis purchased the property from the insurance company, giving their notes for the purchase price.

Although they had theretofore corresponded rather frequently with the appellees, Strates and Dimotsis did not correspond with them from November, 1934, until after the property had been sold, the estate closed, and the property purchased for themselves. On May 28, 1935, they wrote to Mrs. Dimotsis and told her that the property had been sold for the debt at an administrators' sale, but that they had managed to refinance the loan for three years. The letter left the impression that the property had been refinanced for the sole benefit of the Dimotsis heirs. The plaintiffs believed the representations in the letter and did not learn the true facts until August, 1936.

The court found that at the time of the administrators' sale the property had a reasonable market value of $70,000 and that its actual value was greater; that Dimotsis and Strates had discouraged prospective purchasers from bidding at the sale; that during the pendency of the administration they had used all revenues from the property for improvements and had made no payments on the principal indebtedness; and that all this was part of a scheme to acquire the property for their own benefit. The court further found that after acquiring title to the property Strates and J. L. Dimotsis (who has since died) expended no money personally for improvements or for payments on the outstanding indebtedness and that all such expenditures had been made from revenues from the property. At the time of the trial the property had a reasonable market value of $100,000 and there was an unpaid balance of $50,000 on the indebtedness.

By decree the court impressed a trust upon the property in favor of Mrs. Eugenia Dimotsis, individually, and as guardian and next friend of the minor children. The appellants contend that the proceedings below constituted a collateral attack on the judgment and orders of the Probate Court. They cite and rely upon numerous Texas decisions which hold that where the jurisdiction of the Probate Court

has once attached "the orders and judgments of such court must stand until set aside, and could not be collaterally attacked." McGrady v. Clary, Tex.Civ.App., 247 S.W. 1099, 1102; Dansby v. Stroud, Tex.Civ.App., 48 S.W.2d 1018; Askey v. Power, 127 Tex. 335, 94 S.W.2d 136; Gillenwaters v. Scott, 62 Tex. 670. The contention of the appellants is without merit. The action was one to impress a constructive trust on the property and not one to attack the orders and judgment of the Probate Court or to set aside or invalidate the sale made under its authority.

■ Equity will construct a trust in order to satisfy the demands of justice when one who occupies a fiduciary or confidential relationship abuses it and, by fraud or overreaching, gains some advantage to himself. Moreover, the courts will prevent one from holding for his own benefit that which he has gained by reason of a breach of a fiduciary relationship. 65 C.J. Trusts Sec. 14, pp. 223, 224, Sec. 226, pp. 476–479; Cawthon v. Cochell, Tex.Civ.App., 121 S.W. 2d 414; Vann et al. v. Calcasieu Trust & Savings Bank, Tex.Civ.App., 204 S.W. 1062; Kreis v. Kreis, Tex.Civ.App., 57 S. W.2d 1107.

■ An administrator is not permitted to purchase directly or indirectly property belonging to the estate. Nabours v. McCord, 97 Tex. 526, 80 S.W. 595; 24 C.J. p. 633. Such purchases are expressly forbidden by Texas statute, Revised Civil Statutes of Texas, 1925, Article 3579. This statute, however, does not preclude an injured party from bringing an action of this kind to impress a trust upon property acquired by a fiduciary or trustee in violation of his trust. Kreis v. Kreis, Tex.Civ. App., 57 S.W. 2d 1107; Fisher v. Wood, 65 Tex. 199; Martin v. Robinson, 67 Tex. 368, 381, 3 S.W. 550; Johnston v. Stephens, 121 Tex. 374, 49 S.W.2d 431.

■ Executors, administrators, and guardians are held to the strictest accountability for their dealings. Moreover, George Strates and J. L. Dimotsis stood in a further confidential relationship through close ties of kinship. The plaintiffs placed confidence in them and expected and had a right to expect that they were telling them the truth and advising them promptly of all matters pertinent to the estate. Strates and Dimotsis owed to the plaintiffs the highest degree of fidelity. Cf. Meinhard v. Salmon, 249 N.Y. 458, 164 N.E. 545, 62

A.L.R. 1; Martin et ux. v. Martin, Tex. Civ.App., 130 S.W.2d 863, and cases cited.

■ The facts found by the court are supported by the record and are sufficient to sustain the holding that George Strates and J. L. Dimotsis were guilty of fraud which entitled the plaintiffs to the relief awarded by the decree.

The judgment is affirmed.