### A. B. ROBERTSON ET AL. V. M. F. GOURLEY ET AL.

### No. 7181.

1. **Testimony to Intent.**—On the trial it was in issue whether a sale by a merchant to his brother was or not with intent to defraud creditors of the seller, he being insolvent. When on examination as witness he was asked, "In making this sale were you trying to put your property out of the reach of any one?" over objection he was permitted to answer and answered, "No, sir." It was also a matter of inquiry whether the facts existed which would constitute fraud. *Held*, that the intention was a material inquiry, and the question did not call for an opinion, but for the intent of the party, which was a fact which he knew and to which he could testify.

2. **Ownership and Possession.**—Three parties alleged that they were joint owners and were in the rightful and peaceable possession of goods seized at the time of the levy. Under such claim they proved that a stock of goods had been conveyed by the former owner one-half to one and the other half to another, who was wife of the third party. The business had been under the management of the husband for a time. As between the parties, one-half was regarded as the property of the man and wife, and the remaining half of the other party. *Held*, that the allegations were supported by the testimony. The parties being in possession were entitled to recover against a trespasser.

3. **Estoppel.**—The sheriff with attachment called at the place of business of the plaintiffs to make the seizure, and asked as to ownership of the goods. The husband Gourley answered, naming plaintiff Matlock as owner, but did not disclose his wife's interest until he had gone and obtained the bill of sale after the levy had been made. *Held*, that Gourley and wife were not estopped to assert their interest by such conduct on part of the husband.

APPEAL from Cooke. Tried below before Hon. D. E. BARRETT.
No statement is necessary.

*R. H. Looney* and *Davis & Harris*, for appellants.—1. The court erred in permitting A. L. Matlock to testify that he did not intend by the sale to A. Matlock to place his property beyond the reach of his creditors. Schmick v. Noel, 72 Texas, 1; Miller v. Jannett, 63 Texas, 86; Gabel v. Weisensee, 49 Texas, 131.

2. The petition alleged, that at the time of the conversion the plaintiffs A. Matlock and M. F. Gourley and one Mary C. Gourley, the wife of M. F. Gourley, were the joint owners of and were in the rightful and peaceable possession of the stock of goods in controversy; that plaintiffs, under the firm name and style of M. F. Gourley & Co., at the time of the conversion were engaged in conducting a mercantile business with said property as their entire stock in trade, which business was yielding plaintiffs a net income and profit of $300 per month; and, in addition to the actual value of the goods, the plaintiffs prayed judgment for actual and exemplary damages for the breaking up and destruction of their said business. There was no proof tending to show that Mary C. Gourley ever owned any interest in the property or business. There was proof showing that she turned over to her hus-

band some money which was her separate property, which was indiscriminately used in paying debts, insurance, taxes, and for goods which had been bought by Gourley & Co. on credit, but there was no effort to trace it into any particular property.   Middlebrook v. Zapp, 73 Texas, 29; Holliman v. Rogers, 6 Texas, 91; Willis v. Hudson, 63 Texas, 678; Rowland v. Murphy, 66 Texas, 534; Lee v. Turner, 71 Texas, 264; Epperson v. Jones, 65 Texas, 425; Smith v. Bailey, 66 Texas, 554; Freem. on Coten., secs. 359, 360; Sayles' Plead., sec. 107; 1 Chitty's Plead., 66.

*Potter, Potter & Eddleman*, for appellees.—1. The answer of the witness A. L. Matlock was not the expression of an opinion; neither did it involve the exercise of judgment, but was the statement of a fact only.   Sweeney v. Conley, 71 Texas, 544; Brown v. Lessing, 70 Texas, 544; Hamburg v. Wood, 66 Texas, 176; Wait on Fraud. Con., sec. 205.

2.   The allegation of joint ownership contained in appellee's petition does not mean that the parties alleged to be joint owners were joint tenants in a technical common law sense, and proof of any union of ownership would sustain such allegation.   Ross v. Armstrong, 25 Texas Sup., 354; Pilcher v. Kirk, 55 Texas, 208; Street Railway Co. v. Helm, 64 Texas, 149; Middlebrook v. Zapp, 73 Texas, 31.

3.   There was no evidence that M. F. Gourley did or said anything at the time of the levy calculated to lead any one to believe that A. L. Matlock owned the goods in controversy, and the doctrine of estoppel is nowhere involved in the case.

GARRETT, PRESIDING JUDGE, *Section B.*—A. B. Robertson caused an execution issued out of the District Court of Mitchell County to be levied by H. P. Ware, the sheriff of Cooke County, on a stock of goods in the possession of M. F. Gourley, to satisfy a judgment in Robertson's favor against A. L. Matlock.   This suit was brought to recover damages for the alleged seizure and conversion of said goods.   It was filed in the District Court of Cooke County by M. F. Gourley and A. Matlock, and is against Robertson, the plaintiff in execution, Ware, the sheriff, and W. Scott and J. A. Walker, who were the sureties on an indemnity bond given by the plaintiff to the sheriff.

Defendants pleaded a general denial, and also a justification under the execution, claiming that the goods were the property of A. L. Matlock, and that if plaintiff had any interest therein it was under a sale fraudulent as to his creditors.

Trial by jury was had November 13, 1889, and resulted in a verdict and judgment in favor of the plaintiffs for actual damages, from which the defendants except Ware have prosecuted this appeal.

Appellants' first assignment of error is, that "the court erred in permitting A. L. Matlock to testify, that he did not intend by the sale to A. Matlock to place the property beyond the reach of his creditors.".

It was shown on the trial of the case, that the original stock of goods was purchased about December 18, 1886, by the said A. L. Matlock from one A. M. Coates, and that from that date until May 1, 1887, the business was managed by his brother-in-law M. F. Gourley, and the sign "M. F. Gourley & Co." was kept over the door of the establishment, but the books were kept in the name of A. L. Matlock only. The lease of the house in which the business was conducted was taken in the name of A. L. Matlock, and the merchandise was rendered for taxation in his name by "M. F. Gourley, agent." On May 1, 1887, A. L. Matlock executed to A. Matlock, who is his brother, a bill of sale to the entire stock of merchandise, in consideration of $1500, the receipt of which was acknowledged on the face of the bill of sale, reciting that the business had been conducted in the name of M. F. Gourley & Co., but stating that it was the property of A. L. Matlock at the time of the sale, and warranting and defending the title against all persons whomsoever. A. Matlock was an unmarried man, was in bad health, and at the time of the sale to him was working in the store. At the time of the levy on the goods he was living at Texline, in Dallam County, and was postmaster there. He did not pay $1500 for the goods as recited in the bill of sale; but paid his share of the proceeds of a sale of his mother's farm in Tennessee, which was $1270.40. A. L. Matlock collected this money for his brother, and when he collected it offered to sell him the business for his share in the Tennessee property, and this was the consideration. A. L. Matlock testified, that the sale was only of his interest; that when he bought the stock, not being in the mercantile business, he turned it over to M. F. Gourley to manage, who took it with a view of becoming a partner; that Gourley and his wife put money into the business, how much he did not know; he (Gourley) was to have an interest to the extent of the money he put in, and was a partner to that extent. Witness stated, that when he took the goods they were worth about $2800; debts assumed amounted to $1490, making his real interest $1300. It was shown by the testimony of Gourley that he had put his wife's money in the business, and that the amounts put in were indicated by a red cross-mark opposite them on the books in the account of A. L. Matlock and of A. Matlock after the sale. A. Matlock understood that he was getting only a half-interest in the business when he bought, and that he owned a half-interest. Mrs. Gourley also received $1270.40 from the proceeds of her mother's farm, nearly all of which, according to Gourley's testimony, was invested in the business, which was continued under the name of M. F. Gourley & Co.

In September, 1888, Gourley renewed the lease for the house in the name of "A. L. Matlock, by M. F. Gourley, agent." With respect to this, he said he supposed that Bomar, from whom he leased the house, would be better satisfied with A. L. Matlock's name than A. Matlock's,

as he knew A. L. and did not know A.   Bomar said he knew nothing about this, and looked to the goods as security for the rent.  The goods appeared on the tax rolls of the county for 1888 in the name of A. Matlock, by Gourley, agent; but in the city rolls in the name of A. L. Matlock, by Gourley, agent.   Gourley stated that the latter was a mistake of the assessor, for he had not so rendered it.

When the sheriff went with the execution to the store to make the levy, Gourley stated that the goods were the property of A. Matlock, and went down to the house after the bill of sale, and when he returned with the bill of sale he stated that his wife had an interest in the property.   At the time of the sale to his brother, A. L. Matlock was insolvent.   The note of A. L. Matlock on which the judgment was obtained against him was dated May 10, 1886.   Suit was filed thereon November 26, 1888, and judgment obtained December 9, 1888.   The levy out of which the suit grows was made January 28, 1889.   A. Matlock testified, that he did not know at the time of his purchase the financial condition of his brother, and did not know that he was insolvent or embarrassed.   It was shown that after the sale by A. L. Matlock to A. Matlock, the former never claimed any interest in the business nor paid any attention to it.

While on the stand A. L. Matlock was asked by the plaintiffs, in whose behalf he had been introduced as a witness, the following question: "In making this sale, were you trying to put your property out of the reach of any one?"   To this question the defendants objected, that it was not competent for the witness to testify as to his intent or motive in making the sale; but the objection was overruled, and the witness answered, "No, sir."

As was said by this court in Miller v. Jannett, 63 Texas, 86:   "If the elements constituting fraud accompanied the sale, it was unimportant what the real object of the parties was; and no honest intention on their part would have made that valid which the law declares shall be void under the circumstances."   So in this case, if it had been shown that A. Matlock knew that A. L. Matlock was insolvent and had taken a conveyance of the goods for an inadequate consideration or none at all, to be held for the benefit of A. L. Matlock, the law would have stamped the transaction as fraudulent, and the secret intention of A. L. Matlock to appropriate it finally to the payment of his debts would not save the property from creditors who had been defrauded by the transaction.   But such was not the case; it was a subject of inquiry whether or not the facts that would have constituted the fraud existed. The fact of A. L. Matlock's intention was a material inquiry in the case.   The question did not involve a legal conclusion, nor did it call for an opinion, but for the intent of the party, which was a fact to be ascertained.   A witness can not testify as to the intent or motive of another, but his own intent is known absolutely only to himself, and

his testimony as to what it was is admissible. Hamburg v. Wood, 66 Texas, 176; Brown v. Lessing, 70 Texas, 546; Sweeney v. Conley, 71 Texas, 544. A party may testify directly to his intention as a fact. Gordon v. Woodward (Kans.), 25 Pac. Rep., 199; 8 Am. and Eng. Encyc. of Law, p. 753, note 3, and citations; Wait on Fraud. Con., sec. 205; 1 Whart. on Ev., secs. 482, 508.

The petition alleged, that at the time of the conversion of the goods the plaintiffs A. Matlock and M. F. Gourley, together with Mrs. Mary C. Gourley, the wife of the plaintiff M. F. Gourley, were the joint owners and were in the rightful and peaceable possession thereof. When seized, the goods were in the possession of M. F. Gourley, who claimed to hold them for the plaintiff A. Matlock, and that his wife had an interest therein. As between the parties the property was recognized as belonging one-half to A. Matlock and one half to M. F. Gourley and his wife.

Appellants have assigned as error the giving of the sixth clause of the charge by the court, and the refusal of the first and second instructions requested by them, as follows:

"6. If you find, that at the time said goods, wares, and merchandise were levied on, the plaintiffs were the owners of and in the joint possession of the same, holding and claiming the same as joint owners and recognizing the interest and ownership of each other therein, this would constitute them joint owners of said property, and would entitle them to recover as against a person having no right or interest in the same."

The refused charges were:

"1. This suit is brought by plaintiff A. Matlock in his own right and by plaintiff M. F. Gourley in his own right and in the right of his wife Mary C. Gourley, it being claimed that said A. Matlock, M. F. Gourley, and Mary C. Gourley were the joint owners of the goods in controversy. There being no proof that said Mary C. Gourley ever owned any interest in said goods, you will find for the defendants.

"2. In case the above charge is refused, defendants request the following: It is alleged in the petition, that the plaintiffs and Mary C. Gourley are the joint owners of the goods in controversy, which allegation means that each plaintiff owns a third interest therein; and there being no proof tending to show that Mary C. Gourley ever owned any interest in said goods, you will in no event find for the plaintiffs as to more than two-thirds thereof."

As plaintiffs were in possession of the property, they were entitled to recover upon their possession as against a wrongdoer or trespasser. Distinctions between the several tenancies at common law do not prevail under our statute, and the allegation in the petition that plaintiffs, together with Mrs. Mary C. Gourley, the wife of the plaintiff M. F. Gourley, were joint owners of the goods, does not set up title in them

as equal owners.    Pilcher v. Kirk, 55 Texas, 210.    They were entitled to recover on proof of their possession.    In the case of Middlebrook v. Zapp, 73 Texas, 30, it was held, that a suit for damages for a conversion of goods alleged to be the separate property of the wife could not be sustained by proof of damages for unlawful seizure of the community property of herself and husband.    The property in that case being community property, was subject to the debts of the husband; but it was an interest in a partnership with another, and the mode provided by statute for subjecting it to his debts had not been followed, and its seizure was an unwarranted trespass for which he had an action.    The court said: "To permit plaintiffs to recover upon a petition so clearly charging as does the one in this case that the suit is by the wife for an injury done her separate estate, damages shown with equal clearness by the evidence to belong to the community would be a striking illustration of a judgment rendered upon the evidence, and not upon but rather against the pleadings."    Such is not the case here.    The petition alleges possession and ownership in A. Matlock and M. F. Gourley and his wife Mary C. Gourley, and the proof shows possession of the property in M. F. Gourley, claiming to hold it for A. Matlock and his wife, with further evidence that the separate means of the wife had been invested therein, and that a portion of the original stock was still on hand when the goods were seized.    The charge of the court correctly announced the law as to the right of the plaintiff to recover upon the question of possession and ownership, and there was no error in refusing the instructions requested by the defendants.

Plaintiffs were not estopped to set up their title to the goods as against the defendants.    The plea of estoppel is rested on the fact, that when asked by the sheriff whose goods they were, M. F. Gourley replied, "A. Matlock's," and went off after the bill of sale, and did not say anything about his wife's interest until he returned and the levy had already been announced by the sheriff.    No wrong or injury could have possibly resulted to the defendants by the statement of Gourley, if, indeed, it was a misrepresentation.

Appellants' sixth assignment of error is upon the refusal of the fourth instruction requested by them, as follows: "If you believe from the evidence that M. F. Gourley was not a partner in the business with A. Matlock, but that the money, if any, placed by him in the business was advanced as a loan, and that he was the agent or the manager of A. Matlock, receiving for his compensation either a stated salary or a certain per cent of the profits of the business, you will find against said M. F. Gourley, and also against said A. Matlock."

There was no error in refusing to give this instruction, because it was not warranted by the evidence.    There was no evidence that Gourley had loaned any money to either of the Matlocks, or that he was managing the business for a per cent of the profits.

The instruction requested and presented in the eighth assignment of error was properly refused. It was as follows: "If you believe from the evidence, that at the time of said sale (meaning the sale from A. L. to A. Matlock) said A. Matlock was insolvent and unable to pay his debts in due course of trade at maturity, and that the goods sold represented all his assets subject to execution, and that the insolvency of said A. L. Matlock was known to said A. Matlock, or might have been known by the exercise of ordinary care, and that said sale was for cash paid to said A. L. Matlock by said A. Matlock, the sale was fraudulent in law, even though the money received was applied to the debts of said A. L. Matlock, unless there was an agreement at the time of the sale that the money should be so applied."

The case was properly submitted to the jury under a correct charge, and we find no error for which the verdict should be set aside, and conclude that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted May 10, 1892.

A motion for rehearing was overruled.