### BROWNING et al. v. CURRIE.

(Court of Civil Appeals of Texas. Amarillo. Oct. 21, 1911. Rehearing Denied Nov. 11, 1911.)

1. EVIDENCE (§ 151*)—RELEVANCY—INTENT.

Where the intent of a person, whether a party or not, is material, he may testify directly as to his intention, provided his testimony does not involve a conclusion of law, but his testimony is not conclusive.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 440; Dec. Dig. § 151.*]

2. MORTGAGES (§ 37*)—ABSOLUTE DEEDS AS MORTGAGES—PAROL EVIDENCE.

Parol testimony is admissible to show that a deed, absolute in form, was intended as a mortgage, and parol testimony of the intention of the parties is admissible to rebut the contention that the deed is a mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 97–107; Dec. Dig. § 37.*]

3. EVIDENCE (§ 471*)—CONCLUSION OF WITNESS.

Where the issue was whether a deed of a homestead was a deed or was intended as a mortgage, the testimony of a party to the transaction that he knew that a mortgage of a homestead was illegal, and that it was his intention to take an absolute deed of the premises, was admissible, and not objectionable as involving a legal conclusion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

4. HOMESTEAD (§ 115*)—CONVEYANCES—MORTGAGES.

Where an owner conveyed his homestead by deed in which his wife joined, and the grantee on the same day reconveyed to the owner, who executed vendor's lien notes to the grantee, and the deeds were drawn by different attorneys and acknowledged before different officers, the transaction was not as a matter of law a mortgage and void under Const. art. 16, § 50, but the character of the transaction as a mortgage or as an absolute conveyance was subject to explanation by parol testimony.

[Ed. Note.—For other cases, see Homestead, Dec. Dig. § 115.*]

5. APPEAL AND ERROR (§ 1009*)—FINDINGS—CONCLUSIVENESS.

A finding on conflicting evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3970–3978; Dec. Dig. § 1009.*]

Appeal from District Court, Potter County; W. E. Gee, Special Judge.

Action by J. J. Currie against J. B. Browning and others. From a judgment for plaintiff against all defendants, and in favor of defendant L. O. Thompson against codefendants J. B. Browning and another, the latter appeal. Affirmed.

Gustavus, Bowman & Jackson, for appellants. Hendricks & Boyce and Ben H. Stone, for appellee.

HALL, J. This is a suit by J. J. Currie against L. O. Thompson and J. B. Browning and wife, Mrs. A. E. Browning, upon three vendor's lien notes for the sum of $450 each, executed by J. B. Browning, payable to L. O. Thompson, and indorsed by Thompson to J. J. Currie. Browning and wife answered that the property on which the lien was sought to be foreclosed was their homestead, and alleged that the conveyance from Browning and wife to Thompson and the reconveyance from Thompson to J. B. Browning was intended to be, and constituted, a mortgage to secure Thompson in the payment of the balance due by Browning to Thompson for an automobile; that the transaction was a subterfuge and an attempt to evade the homestead laws, and was not a bona fide transaction. The trial was before Hon. W. E. Gee, Special Judge, who rendered judgment for the plaintiff Currie against all the defendants, and in favor of L. O. Thompson against the defendants J. B. Browning and A. E. Browning, foreclosing the vendor's lien upon the property in controversy, and from which judgment Browning and wife have appealed.

The appellants' second assignment questions the ruling of the court in permitting

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

the following testimony by appellee: "Q. State whether or not at the time of this transaction you knew that a mortgage against a homestead would be illegal. A. I did know at that time that you could not mortgage a homestead. Q. What was your intention at the time of this transaction? A. My intention was at the time to take a straight out deed to the place."

[1] The general rule is that, whenever the intent of a person in doing an act becomes material and relevant to the issue to be tried, such person, whether a party litigant or not, may testify directly as to what his intention was at the time. Such testimony, however, is never conclusive. In the case of Sweeney et al. v. Conley, 71 Tex. 543, 9 S. W. 548, an insolvent debtor, who had conveyed his stock of goods, was asked: "Did you sell out for any other reason than to pay your debts?" He was permitted to answer, and the Supreme Court in passing upon the question said: "It has been held repeatedly by this court that the seller or grantor in a transaction alleged to be fraudulent will not be permitted to testify that he made the sale or conveyance in good faith, or that he did not intend to defraud his creditors. The reason for the exclusion of this testimony is that the question of fraudulent intent in such cases is a mixed one of law and fact, and that to say that the intent was not fraudulent, or that the transaction was made in good faith, is to state a legal conclusion. A witness must state facts only, but his purpose in making a sale is as purely a matter of fact as the fact of the sale itself." Hamburg v. Wood, 66 Tex. 176, 18 S. W. 623; Robertson v. Gourley, 84 Tex. 575, 19 S. W. 1006; Gimbel v. Gomprecht, 36 S. W. 781. Tarlton, Chief Justice, in Pitt v. Elser, 7 Tex. Civ. App. 47, 32 S. W. 146, said: "The court did not err in permitting the defendant Boyd to testify that in selling the goods to Pitts he intended and believed that he was selling only his interest in the goods. The expression of his belief was subordinate to his intention and connected as it was with the expression of his intention, a matter always pertinent in the construction of contracts, it should not be held to be detrimental to the plaintiffs."

The above line of cases and the authorities cited therein hold that, while the witness may testify as a fact that he did or did not entertain a particular intent, yet, if his answer involved a conclusion of law which may be based upon circumstances other than the specific intent, the testimony is incompetent.

[2, 3] Parol testimony is admissible to show that a deed, absolute upon its face, was intended as a mortgage, and parol testimony of the intention of the parties is admissible to rebut such a contention. Marx et al. v. Baker et al., 10 Tex. Civ. App. 148, 29 S. W. 908; Gazley v. Herring (Sup.) 17 S. W. 17.

Tested by the above rules, we think this evidence was competent, and that no legal conclusion was involved in the answers of the witness.

[4] The contention of appellants is that the notes sought to be foreclosed were void because the transaction had between J. B. Browning and L. O. Thompson was in violation of article 16, § 50, Const., inhibiting the pretended sales of the homestead, and insists because the deed from Browning and wife to Thompson and the deed from Thompson, reconveying the same property to Browning, were executed and delivered upon the same day, that the transaction is as purely a mortgage as if it had been written and expressed in the form of such an instrument. We have found no case which holds that such a transaction is conclusively a mortgage, and therefore void under the constitutional provision. On the contrary, as has been said above, a transaction of this character is subject to explanation by parol. Our Supreme Court has held that a purchaser of notes, such as these, is bound to take notice of the nature of the transaction when the instruments are of record and are executed upon the same day (Sanger Bros. v. Brooks, 101 Tex. 115, 105 S. W. 37); but has never declared such a transaction to be a mortgage and void as conveyances merely because both instruments were executed and recorded the same day.

It appears from the evidence that the deed from Browning and wife to Thompson was executed in the forenoon, and that in the afternoon of the same day the reconveyance was executed by Thompson; that the two instruments were drawn by different attorneys and acknowledged before different officers.

[5] The evidence is so conflicting as to the intention of the parties, and the purpose of the transfers, that the court might have been justified in finding for either party. The finding that the transaction was not a mortgage nor a pretended sale is amply supported by the testimony. Such being the state of the record, we should not question the correctness of the court's finding nor the judgment based thereon.

The judgment is therefore affirmed.