WICHITA FALLS & N. W. RY. CO. v. WATTAM et al. (No. 7927.)

(Court of Civil Appeals of Texas. Ft. Worth. April 11, 1914. Rehearing Denied May 23, 1914.)

CARRIERS (§ 86*) — TRANSPORTATION OF FREIGHT—DAMAGES TO FRUIT—DELIVERY—PEDDLING FROM CAR.

Where a carrier delivered a car load of fruit to the consignee, and afforded every opportunity to unload it, but the consignee insisted on the right to peddle the fruit directly from the car, which the carrier refused to permit, it was not liable for damages to the fruit resulting from such refusal.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 316–322; Dec. Dig. § 86.*]

Appeal from Denton County Court; S. H. Hoskins, Judge.

Action by W. H. Wattam and others against the Wichita Falls & Northwestern Railway Company. Judgment for complainants, and defendant appeals. Reversed and rendered.

R. H. Hopkins, of Denton, for appellant. Zumwalt & Key, of Denton, for appellees.

SPEER, J. W. H. Wattam filed this suit in the county court of Denton county to recover damages to a car load of bananas which he alleged was delivered to the International & Great Northern Railroad Company for shipment to Burkburnet, Tex., a station on the line of the Wichita Falls & Northwestern Railway Company, at which point it was rebilled to Frederick, Okl. He alleged that after said car of bananas arrived at Frederick, Okl., the Wichita Falls & Northwestern Railway Company forcibly took possession of the same, and sealed it up in an improper manner, and that the fruit was damaged to the amount of $100. He further alleged that such act was malicious, and that he had been put to considerable extra expense, which he placed at the sum of $50, for which sums, together with exemplary damages to the extent of $300, he sued both railroads. The defendants answered, there was a judgment for the plaintiff, and the defendants have appealed.

We think the trial court erred in refusing to give appellants' special charge directing a verdict in their favor. The answer tendered the issue, and the evidence indisputably established the defense that the bananas were duly shipped to the destination and delivered or tendered for delivery to the appellee. Upon their delivery, instead of unloading the fruit, appellee undertook to peddle the same from the car directly, and was notified by the appellants that such course was contrary to the rules of the company, and would not be permitted. He insisted, and the agent of the appellants was directed to, and did, seal up the car. There is no contention but that appellee was afforded every opportunity to unload the fruit directly from the car; the only controversy being as to his right to use appellants' car as shown by peddling the bananas therefrom. The law imposes upon a railroad company the duty of safe transportation and sound delivery of merchandise committed to its care as a carrier, but it does not impose upon such carrier the further duty of furnishing its cars to the shipper to be used as a storehouse in which to conduct a business with the public. A regulation forbidding such practice is a reasonable one, or at least there is no contention here that such is unreasonable; and, under the facts of this case, a verdict should have been instructed for the defendants.

Reversed and rendered for appellants.