FT. WORTH & D. C. RY. CO. v. W. A. NABORS FRUIT CO. (No. 1264.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 9, 1918. Rehearing Denied Feb. 6, 1918.)

1. CARRIERS ⬤➡76—ACTIONS FOR CONVERSION —PERSONS ENTITLED TO SUE.

Persons authorized to take possession of the contents of a car containing a shipment of fruit had such possession as entitled them to sue the carrier for conversion of the fruit, and the carrier, having recognized their authority and accepted a receipt from them for the contents of the car, could not question their right of possession.

2. CARRIERS ⬤➡89—FAILURE OF CONSIGNEE TO RECEIVE GOODS—SALE BY CARRIER.

Rev. St. 1911, art. 729, providing that should any perishable property remain unclaimed it shall be the duty of the carrier to sell it at public auction after giving five days' notice, supersedes the common law in respect to the manner of selling, and a sale by a carrier without the notice required by statute was illegal, and might be made the basis of a suit for conversion, though the carrier complied with the common-law rule with reference to the sale of goods.

3. CARRIERS ⬤➡94(3)—CONVERSION OF GOODS —EVIDENCE OF VALUE—SUFFICIENCY.

In an action against a carrier for the conversion of a shipment of fruit, which the carrier took possession of and sold because of the consignee's failure to unload the fruit, evidence of the market value of the fruit on August 22d did not support a judgment, where the illegal sale was made on August 25th, the goods being of a perishable nature and subject to rapid deterioration.

4. CARRIERS ⬤➡100(1)—RECEIPT OF GOODS BY CONSIGNEE—DUTY TO REMOVE.

The consignees of a carload of fruit had no right to retain possession of the car and peddle fruit therefrom at retail, but were bound to unload the car within a reasonable time, failing to do which they were liable for demurrage and for the reasonable expenses incurred by the carrier in caring for the produce after retaking possession up to the time of a sale.

Appeal from Potter County Court; T. W. McBride, Judge.

Action by W. A. Nabors Fruit Company against the Ft. Worth & Denver City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Turner & Dooley and A. S. Rollins, all of Amarillo, for appellant. Kimbrough, Underwood & Jackson, of Amarillo, for appellee.

HALL, J. Appellee sued appellant railway company in the county court to recover damages in the sum of $364, for the alleged conversion of a quantity of fruit and vegetables. A trial before a jury resulted in a verdict and judgment in favor of appellees, in the sum of $236.60. It appears from the record that W. A. Nabors, as consignor, made the shipment to J. S. McAfee as consignee, and that the car arrived in Amarillo on or about August 17, 1916. Upon its arrival it was delivered to Phagan and Logan, who took charge of it and receipted appellant therefor. Phagan and Logan at once commenced peddling the fruit and vegetables from the car at retail in violation of the instructions given them by appellant company not to do so. Again, on the 19th day of August, appellant served notice on said parties that they would not be permitted to use the car as a salesroom for the purpose of selling and peddling its contents. The car was nev-

er unloaded in the ordinary manner, but up to the time when appellant took possession the fruit and vegetables were sold to such customers as made application to Phagan and Logan to purchase. The sales continued until August 21st, when appellant took possession of the car and sealed the doors, and advised Phagan and Logan that they would redeliver the car at any time they would unload it. Phagan and Logan broke the seals of the car soon after appellant had taken possession, and were again selling the goods as before, when on August 22d appellant again took the car, sealed it, and ran it into the yards of the company. After advertising the contents of the car for sale by publication, appellant sold said contents at auction on August 25th, for the sum of $135.

[1, 2] Under the first assignment of error it is insisted that appellant was entitled to a peremptory instruction in its favor because the record failed to show that appellees had such an interest in the subject-matter of the suit as would entitle them to maintain the action. It sufficiently appears from the record that Phagan and Logan were authorized to take possession of the contents of the car, and, after having recognized their authority and accepted a receipt from them for its contents, appellant cannot be heard to question their right of possession. This being a suit for conversion, they had such possession as entitled them to recover. Bank v. Brown, 85 Tex. 80, 23 S. W. 862; Robertson v. Gourly, 84 Tex. 575, 19 S. W. 1006. It is further contended by appellant that there is no competent evidence from which the jury could compute the damages claimed according to the legal measure. Appellant requested a special charge to the effect that it had the right, upon the refusal of Phagan and Logan to unload the car, to act upon such refusal, and that thereafter, if appellant used ordinary care and exercised reasonable diligence in the manner in which it handled the contents of the car, to return a verdict for the defendant. The car being sold on August 25th, without any effort on the part of appellant to comply with Revised Statutes, art. 729, we think the company was guilty of conversion. In this connection appellant contends that it complied with the common-law rule with reference to the sale of goods, and was not required to advertise the property for five days as required by the statute. Whatever may be the rule in other jurisdictions, it is settled in this state that the statute regulating the sale of freight by a carrier supersedes the common law in respect to the manner of selling, and that a sale by the carrier, not made in accordance with the statutory provisions, is illegal, and may be made the basis of a suit for conversion. St. L. S. W. Ry. Co. v. Ark.-Tex. Grain Co., 42 Tex. Civ. App. 125, 95 S. W. 656; Gulf, C. & S. F. Ry. Co. et al. v. North Texas Grain

Co. et al., 32 Tex. Civ. App. 93, 74 S. W. 567; Carter & Corey v. I. & G. N. Ry. Co., 93 S. W. 681.

[3, 4] The contention of appellant, however, that the evidence does not support the judgment must be sustained. The illegal sale having been made on August 25th, the measure of damages was the market value of the goods on that date and interest. The only evidence upon the question of market value was confined to the value of the property on August 22d and since the goods were of a perishable nature, subject to rapid deterioration, appellant's contention on this point must be sustained. Under the rule established by the courts of this state, appellees clearly had no right to retain possession of the car and peddle their goods from it at retail. Wichita Falls, etc., Ry. Co. v. Wattam, 168 S. W. 398; Wattam v. I. & G. N. Ry. Co., 168 S. W. 973. It was the duty of appellees to unload the car within a reasonable time; failing to do this they are liable for demurrage and for reasonable expenses incurred by appellant in caring for the produce up to the time of the sale. It is true that appellant introduced no written or printed rule forbidding shippers to peddle goods from cars nor do we understand that it was necessary to have a written or printed rule forbidding this practice. In any event, the existence of such a rule was proven by parol without objection. What is here said disposes of the material questions presented and all assignments not specifically mentioned are overruled.

For the reasons stated the judgment is reversed and the cause remanded.

HUFF, C. J., not sitting.