### AUSTIN BROS. v. PATTON et al.
#### (No. 706—3929.)

Commission of Appeals of Texas, Section B. May 14, 1927.

**1. Courts ⬳104—Supreme Court adhering to original opinion does not, on rehearing, write opinions as to matters therein discussed.**

It is not the practice of the Supreme Court to write opinions upon rehearing as to matters discussed in the original opinion, where that opinion is adhered to.

**2. Appeal and error ⬳837(11)—Parol evidence, admitted without objection, to vary unambiguous contract will not be considered by Supreme Court.**

Parol evidence to contradict unambiguous county warrants, admitted without objection, being of no probative force whatever, will not be considered by the Supreme Court in applying the law to the facts of the case, but only competent testimony will be considered.

**3. Evidence ⬳441(1)—Unambiguous written agreement is conclusive and supersedes prior agreements unless set aside for equitable reason.**

Unambiguous written agreement is conclusive and supersedes all prior agreements or stipulations unless the instrument is set aside for some equitable reason.

**4. Evidence ⬳397(1)—County's unambiguous contract cannot be varied by parol evidence, though such evidence discloses it to be void.**

The contract of a county is no exception to general rule that an unambiguous written contract, unless set aside for some equitable reason, cannot be contradicted or varied by parol evidence, even if such evidence would show contract void as contrary to law or public policy.

**5. Judgment ⬳251(1)—Evidence without basis in pleadings cannot support judgment.**

Evidence, admitted without basis in pleadings, is outside the issue in the case and cannot support any judgment.

**6. Appeal and error ⬳719(1)—Supreme Court will not reverse case for unassigned errors.**

The Supreme Court will not reverse a case for errors not assigned.

**7. Appeal and error ⬳909(6)—Supreme Court will resolve doubt in favor of county warrants' validity, where otherwise county would receive benefit for nothing.**

The Supreme Court will resolve any doubt in favor of the validity of county warrants, where holding them invalid would permit the county to have something for nothing.

Error to Court of Civil Appeals of First Supreme Judicial District.

On second motion for rehearing. Motion overruled.

For opinion on first motion for rehearing, see 290 S. W. 153. For former opinion, see 288 S. W. 182, which reversed 245 S. W. 991.

SPEER, J. [1] Defendants in error have been granted permission to file their second motion for rehearing, the ground for such leave being "that neither of the points adverted to in our second motion has been discussed in the opinion of the Commission of Appeals, * * * for, certainly, every litigant is entitled to have the court reduce to writing its reasons for holding against him." The points adverted to in the second motion are two in number, and the same points were

made in the first motion for rehearing, which was overruled. No written opinion was filed on such rehearing as to these points, for it was thought our original opinion governed them, and it is not the practice to write opinions upon rehearing as to matters discussed in the original opinion, where that opinion is adhered to. But counsel's evident earnestness in the presentation of these two points is such as to cause us to elaborate upon what we have said in the original opinion.

Their first point is:

"Because this case was reversed and rendered on account of the admission of parol testimony varying the terms of the warrants sued on when said testimony was introduced in the trial court without objection, no motion to strike same was ever made, no error was ever assigned for its admission. the point was not raised in the Court of Civil Appeals at any time, nor in this court in the application for a writ of error."

A reading of our opinion will show that the cause was not reversed or rendered on account of the admission of parol testimony,·so that, even though the other facts recited by defendants in error are true, the point of error is not well taken. We reversed the judgments of the trial court and Court of Civil Appeals upon the undisputed evidence bearing upon the issues made under the pleadings. We held, in effect, that, the suit being upon a contract in writing (the warrants) showing upon their face the intention and therefore the contract of all parties, payment should be made out of current funds for the year 1916, and, such contract not being attacked as not speaking the truth of the transaction, that the transaction was not the creation of a debt within the meaning of the Constitution involved, and the judgment should be reversed notwithstanding the presence in the record of parol testimony tending to show the parties intended payment to be made from the taxes for future years, which would invalidate the warrants.

[2] It is true that such parol testimony was admitted without objections and that no reversal was sought for its admission. But that is not the question. We have reversed because we construed the evidence upon the material issues to be undisputed; that is, that this parol evidence was of no probative force whatever, and therefore there is no evidence in the record tending to show that the obligations sued on constituted a debt within the meaning of the Constitution referred to.

In Henry v. Phillips, 105 Tex. 459, 151 S. W. 533, speaking to this point, the Supreme Court said:

"While the admission of this testimony was not objected to by counsel for defendants, that fact would be important only in the event its admission was afterwards complained of as violative of a right reserved to defendants. Such incompetent testimony can never form the basis of a finding of facts in an appellate court, notwithstanding its presence in the record without objection. When the appellate court comes to apply the law to testimony constituting the facts of the case, it can only base its conclusions upon such testimony as is under the law competent. That which is not competent testimony should be given no probative force. The admission of such testimony is no talisman to give effect to that which is irrelevant and incompetent to sustain. or deny a material issue in a case."

In Southern Surety Co. v. Nalle (Tex. Com. App.) 242 S. W. 197, the holding in which was approved by the Supreme Court, this case and many others are cited to support a restatement of the rule as follows:

"Evidence in itself wholly incompetent, and therefore without probative force, gains no vitality because admitted without objection. It will not support a verdict by a jury or a finding of fact by a court."

It is therefore apparent that evidence of this character cannot be relied upon as is here sought to support a judgment either in the trial court or the appellate court. The case stands as· though such pretended evidence had not been heard at all so far as the upholding of the judgment is concerned.

Now, our reason for holding this evidence to be of no probative force was stated to be:

"The warrants forming the basis of suit are unambiguous. They promise payment with one exception in February 1917—necessarily out of the current funds for 1916 and those under the immediate control of the court at the time the contracts were made and the warrants issued. They are not attacked as not speaking the truth of the transaction, and cannot be impeached by the character of testimony relied upon by the Court of Civil Appeals."

It is replied by defendants in error that such warrants were attacked in the following plea:

"That, at the several times at which plaintiff alleges the warrants herein sued on were issued and were refused, the indebtedness by them evidenced, together with other indebtedness then outstanding against the road and bridge funds of Houston county, as same were constituted and kept, and against the road and bridge fund of Houston county, required a tax greatly in excess of taxes permitted to be levied under. the Constitution of the state of Texas, and that at the time such warrants were issued no provision was made for their payment by the levy of a tax, and it was not contemplated that they be paid out of the. current revenues for the year in which they were issued or otherwise, and same are illegal and void, and such warrants were not to be paid out of any fund within the immediate control of Houston county at the time of their issuance, and were to be paid out of county funds in future years."

[3-5] But this is not an attack on the contracts as made. The warrants upon their face evidence an actual contract payable necessarily out of current funds, and there-

fore not within the condemnation of the Constitution regulating the creation of debts. The plea in its final analysis is merely a general conclusion of the pleader that the warrants were not to be paid out of current funds or other funds under the immediate control of the county. But this cannot be, unless the contracts be avoided, since they do, as matter of law, constitute valid obligations as they stand. In other words, the pleadings nowhere attack the warrants for not speaking the truth of the transaction and nowhere question the integrity of the instruments sued on, as for mutual mistake, fraud, or the like, in promising payment out of current funds as we have held they do. It is elementary in the law of evidence that, where parties have expressed their agreement in writing and the terms thereof are unambiguous, the same is conclusive and will supersede all prior agreements or stipulations unless the instrument is set aside for some equitable reason. The contract of a county is no exception to this universal rule, and neither is this character of case an exception merely because the violation of the rule of evidence would disclose a contract void as against law or public policy. It is a wholesome rule that the written contract presumptively is valid and speaks the truth, and the presumption is conclusive, until the integrity of such contract has been challenged upon some recognized equitable ground. Evidence admitted without basis in the pleadings is, of course, outside any issue in the case and cannot support any judgment.

The feature of the contract sought to be set aside by parol evidence is not that of consideration which of course is not contractual, but rather it is a contractual feature,— the time, and therefore the funds, for payment. The contract speaks to these points, and so long as it stands, it is final.

Defendants in error's second point is:

"Because there was much other evidence contained in the statement of facts there being taken from the records of Houston county to sustain the holding below that the obligations sought to be created were not, within the reasonable contemplation of the parties, intended to be paid out of the revenues of the current year."

What we have said above applies fully to this point. The contention is but another way of saying that the unambiguous contract of the parties for payment out of the 1916 taxes was not a "reasonable contemplation of the parties" and flatly contradicts the writing without, as above shown, avoiding the same for some equitable reason.

[6] The motion for rehearing contains no other ground of error and no other complaint as to the judgment of the Supreme Court. The earnestness displayed therein, however, indicates clearly that counsel have proceeded upon a misconception of the holding recommended in our former opinion. Their anxiety that the oft-repeated rule of practice by the Supreme Court, that it will not reverse a case for errors not assigned, has been violated in this case is without foundation, and their numerous citations of authorities in support thereof is to no effect. We have not applied a rule of practice in this case different from that applied in the cases cited by counsel.

[7] The facts surrounding this case do not show any equities for the county. If there is doubt of the dissolving vice which would have the effect to relieve against the county's contract and allow it to have something for nothing, under a well-known rule of construction, we should resolve that doubt in favor of the validity of the warrants.

We recommend that the defendant in error's second motion for rehearing be overruled.