### RABENOWITZ v. JEFFERIES et al.
### No. 2800.

Court of Civil Appeals of Texas. El Paso. March 9, 1933.

Rehearing Denied March 30, 1933.

A. T. Folsom, of Wink, and Potash & Cameron and Leon Kotosky, all of El Paso, for appellant.

J. E. Starley, of Pecos, for appellees.

HIGGINS, Justice.

This is an action for an injunction and damages brought by T. J. Jefferies, Tom Eron, and Acme Salvage Company against Saul Rabenowitz and J. L. Rush.

Judgment was rendered in favor of Jefferies against Rabenowitz enjoining the latter from moving any of the storage tanks described in the petition from the possession of Jefferies or in any manner interfering with his possession and use thereof. As to this feature of the judgment no point is presented by the appeal.

Judgment was also rendered that the plaintiffs other than Jefferies take nothing, and that Jefferies recover of Rabenowitz and Rush the sum of $435, with interest, as damages for the conversion of a 500-barrel storage tank and 65 barrels of oil. Rabenowitz appeals.

Briefly stated the jury's findings are: (1) The 500-barrel tank on September 1, 1930, was of the value of $400. (2) The damage sustained by plaintiff by the removal of the 250-barrel tank was $25. (3) The cash market value of the 65 barrels of oil involved in the suit was $35.

It is evident that, in rendering judgment, the court ignored the second finding for the judgment for damages was in the sum of $435, which is the aggregate amount of the damages fixed by the first and third findings.

It was alleged the defendants converted the 500-barrel tank and oil referred to in the first and third findings. The testimony of the plaintiff Jefferies shows the 500-barrel tank had a market value at the time and place of its alleged conversion, but there is no testimony of what such market value was. Jefferies was the only witness upon that phase of the case, and his testimony shows it had a market value at said time and place, but he did not know such value. It is true he testified it was worth $500, but that was necessarily what he considered its actual value to be because he admitted he did not know its market value.

 In an action for damages for conversion of property, its market value is controlling, and evidence of its actual value is inadmissible in the absence of a showing that it has no market value. 17 Tex. Jur. pp. 436, 437.

This point was reserved by defendants, both by objection to the testimony of Jefferies as to value of the 500-barrel tank, as well as by objections urged against the first issue submitted. The propositions relating to this phase of the case are sustained.

The point is also made that the evidence is insufficient to warrant the submission of the second issue because there is no evidence Rabenowitz had anything to do with the removal of the 250-barrel tank. This contention need not be considered, for, as stated

above, the court in rendering judgment evidently ignored the second finding.

The same point is made as respects the oil referred to in the third issue, and this is well taken. The evidence is insufficient to connect Rabenowitz with the waste of the 65 barrels of oil referred to in such issue.

■ There is another error, apparent upon the face of the record, fundamental in its nature. It is alleged in the plaintiff's petition that the property alleged to have been converted was at the time of the conversion owned by the plaintiffs Eron and Acme Salvage Company and in the possession and use of Jefferies by virtue of an agreement between Eron and Jefferies.

·In an action for damages based upon conversion, the possession of plaintiff at the time of the conversion is sufficient evidence of title to support an action for the value of the property against a trespasser or wrongdoer. First Nat. Bank v. Brown, 85 Tex. 80, 23 S. W. 862; Robertson v. Gourley, 84 Tex. 375, 19 S. W. 1006. But this rule has no application where the allegations of the petition show the plaintiff was not the owner of the property and that some one else owned the same. The petition upon its face shows that Eron and Acme Salvage Company were the owners of the 500-barrel tank at the time of its conversion, and the right to recover the value thereof accrued to them. Jefferies was entitled to recover only the damage accruing by reason of the invasion of his possessory right.

The judgment recites the court found from the evidence that Eron and Acme Salvage Company had conveyed the property described in the petition and all rights therein to Jefferies. There is an allegation in the petition that on November 18, 1931, the parts of the property then on the lease were conveyed by Acme Salvage Company to Jefferies, but this has no application to the tank removed from ·the lease and converted by defendants on September 1, 1930.

There is no allegation that Eron and the Acme Salvage Company had assigned to Jefferies their cause of action for the recovery of the value of the 500-barrel tank alleged to have been converted. The petition negatives any right in Jefferies to recover such value. It shows a right in Jefferies to recover the damage to his possessory right and no more. In the state of the pleadings, it was fundamentally erroneous to render judgment in favor of Jefferies for the value of the tank alleged to have been converted by defendants.

·· For the errors pointed out, the judgment against Rabenowitz is reversed, and the cause remanded. The judgment against Rush, who did not appeal, is not disturbed.