**DAVIS et ux. v. PECK, WRIGHT, PECK INV. CO. et al.**

No. 4571.

Court of Civil Appeals of Texas. Amarillo.

May 4, 1936.

Rehearing Denied June 8, 1936.

C. W. Norrid, of Silverton, and C. D. Russell, of Plainview, for appellants.

C. D. Wright, of Silverton, and Vickers & Campbell, of Lubbock, for appellees.

HALL, Chief Justice.

The appellee, Investment Company, sued J. F. Davis and wife, Molcie Davis, and J. R. Guest, alleging in substance that Davis and wife made and delivered to plaintiff their promissory note on September 19, 1929, in the sum of $2,900; that it was a renewal and extension to that extent of a note previously executed by them to J. R. Guest, a lumberman and builder, given for improvements which Guest made on the property of Davis and wife, and which original note was for $3,300, dated August 1, 1929. It is further alleged that to secure the payment of said note Davis and wife made a written contract with Guest for the improvements, which was also dated September 19, 1929, and thereby created a mechanic's lien in favor of Guest on the property improved, to wit, lots 1 and 2, block 57, in the town of Silverton; that thereafter Guest assigned and transferred to plaintiff the mechanic's lien; that Davis and wife defaulted in the payments which had matured, and plaintiff, under its option, had matured the full amount.

Davis and wife answered, alleging that lots 1 and 2 in block 57, together with lots 3, 4, 5, and 6 in said block, constituted their homestead prior to and at the time of the execution of said note to plaintiff, and that the deed of trust given to secure the payment thereof and a purported lien contract with Guest were not executed until after the improvements were completed, and after they had moved in and occupied the premises, by reason of which fact the deed of trust was null and void. They prayed for cancellation of the deed of trust.

The appellee, by an amended petition, alleged that after the filing of the original petition it learned that Davis and wife were claiming the property as their homestead, and that no contract had been executed prior to the erection of the improvements, and that if in fact the property was a homestead and no written contract was

executed in the manner and at the time required to create a valid lien, nevertheless Davis and wife were estopped from claiming that the lien was invalid because plaintiff paid to Guest the sum of $2,900 at the instance and request of Davis and wife; that Davis and wife and Guest represented to plaintiff that the mechanic's lien securing the balance of $2,900 was a first, valid, and outstanding lien against the lots described in the petition, and that they and each of them induced plantiff to pay Guest said sum which was paid in good faith and upon the representations of all of said defendants. Guest indorsed the note without recourse.

Guest filed an exception, raising the issue of limitation, which was sustained by the court, and he was dismissed from the case.

The appellee alleged that it was a corporation, incorporated under the laws of the state of Kansas, and had a permit to do business in Texas, but it developed upon the trial that the permit was not issued until December 20, 1930, so plaintiff took a nonsuit, and the case was tried on the crossaction of Davis and wife to cancel the lien and remove cloud from their title.

The trial was to the court, without a jury. The material findings of the court are in substance as follows:

That on September 19, 1929, after the improvements on the homestead were completed, and when Davis and wife were actually indebted to Guest in the amount of $2,900 balance, and before the maturity of the original note, Davis made written application to appellee for a loan of $2,900 for the purpose of taking up and extending the balance due on his indebtedness to Guest. In the application for the loan, Davis represented that the loan, when obtained, would be used "to take up a lien on homestead, and to extend the time of payment." After the application had been received, Guest transferred the mechanic's and materialman's lien to the appellee corporation, and in the transfer represented that the same was a valid and first lien on said property. At the same time Davis and wife executed and delivered the $2,-900 note and deed of trust lien described in plaintiff's petition, and in the deed of trust, which was duly acknowledged by the appellants, there is this recital: "The note hereinafter mentioned is given for an actual loan of money with which is to take up and extend the time of payment of one certain promissory mechanic's lien note for

$3300.00, dated August 1, 1929, executed by the first parties hereof to the order of J. R. Guest, and due 60 days after its date, and given for improvements made on a part of the above described property and on which a balance of $2900.00 now remains unpaid, with interest at ten per cent. interest from September 19, 1929, all of which the first parties admit and covenant that same is a first, valid and subsisting lien on the property and earnestly request an extension of time."

The court further finds that the appellee purchased the mechanic's lien and note from Guest without knowledge or notice, either actual or constructive, of any infirmities or claim of infirmities in the same, and under the belief that said $2,900 balance owing thereon was secured by a valid first mechanic's and materialman's lien against the property of the appellants; that Davis was present at the time appellee's agent, W. M. Peck, now deceased, paid the $2,900 to Guest, and admitted that he knew the plaintiff's agent, Peck, believed the lien to be good and was relying upon the representations in the instrument of transfer from J. R. Guest, as well as the application for loan signed and sworn to by Davis, and the representations in said deed of trust from both Davis and wife, over their signatures and acknowledgments, and knowing such, he (Davis), sat silent and permitted appellee's agent to pay for it to Guest $2,900 and extend the time of payment by a new note and deed of trust lien.

The court further finds that Peck acted in good faith in said transaction, actually paid the $2,900 to Guest before maturity of the mechanic's lien note, took a transfer of the mechanic's lien, and extended the entire debt of $2,900 at the special instance and request of appellants, relying upon representations in the various instruments herein referred to, and without notice of any infirmities or defenses that would impair the debt or lien.

The judgment denies the prayer of Davis and wife that the mechanic's lien and deed of trust be canceled, and holds that Davis and wife are estopped.

The court refused to find whether the mechanic's lien was executed by the defendants before or after or during the time the material and labor for their homestead improvements were furnished by Guest. The judgment is based solely upon the finding that Davis and wife were estopped by the representations in the instruments re-

ferred to, which were in effect that the lien was valid and subsisting.

The court further finds that the plaintiff purchased the mechanic's lien note and lien securing the same from Guest without knowledge or notice, either actual or constructive, of any infirmities or claims of infirmities in the same, and under the belief that said $2,900 balance owing thereon was secured by a valid first mechanic's and materialman's lien against the property of the defendants.

■ As hereinabove stated, the validity of the note was not an issue in the case after the nonsuit taken by plaintiff and the dismissal of Guest. The finding of the court is based upon the testimony of Davis set out in the findings as follows: "He was present when plaintiff's agent, W. M. Peck, paid Guest $2900.00, and that he (Davis) knew that the lien was no good at the time, and that he knew that plaintiff's agent, W. M. Peck, believed the lien to be good and was relying upon the representations in the instrument of transfer from J. R. Guest, as well as the application for the loan, signed and sworn to by Davis, and the representations in said deed of trust from both Davis and wife over their signatures and acknowledgments, and that knowing of such belief on the part of the plaintiff and its agent at the time of said transaction, that he (Davis) sat silent and permitted the plaintiff, through its agent, W. M. Peck, to pay and advance the $2900.00 to J. R. Guest and to extend the time of payment thereof by new note and deed of trust lien in which the representations were made that the mechanic's lien was a valid lien against said property."

■ This testimony coming from Davis, in which he endeavors to state what Peck knew and believed, was altogether inadmissible. As said by this court in United States Fidelity & Guaranty Co. v. Henderson, 53 S.W.(2d) 811, 815: "It is generally proper for a witness or a party to state what they know or believe or thought or testify to their motives or intentions, but a witness is not permitted to testify as to the belief, feelings, knowledge, or intentions of another party. McClory v. Schneider (Tex.Civ.App.) 51 S.W.(2d) 738; Chicago, R. I. & T. Ry. Co. v. Long, 26 Tex. Civ.App. 601, 65 S.W. 882; Robertson v Gourley, 84 Tex. 575, 19 S.W. 1006. A witness may testify as to statements or conduct which manifest the knowledge, mo-

tive, or belief of another party, but, when Mrs. Wolf testified that Henderson felt when he began to cohabit with her that she was a single woman and entitled to enter into the marriage relations with him, the testimony should have been excluded, and the objection that the question called for a conclusion should have been sustained, but the court permitted her to state what he knew and believed and felt."

We further said (53 S.W.(2d) 811, at page 814): "Evidence which is inherently incompetent is without probative force and whether admitted over objection or otherwise, it will not support a verdict or a finding of fact nor form the basis of a finding of fact in an appellate court. This is true, for example, of hearsay evidence, or testimony which is a bare opinion or conclusion of the witness without any disclosed basis of fact. Henry v. Phillips, 105 Tex. 459, 151 S.W. 533; Austin Bros. v. Patton (Tex. Com.App.) 294 S.W. 537; Id. (Tex.Com. App.) 290 S.W. 153; Id. (Tex.Com.App.) 288 S.W. 182; Webb v. Reynolds (Tex.Com. App.) 207 S.W. 914. If the trial court considers such evidence, the appellate court is not bound by such action. Vaughn v. Vaughn (Tex.Civ.App.) 287 S.W. 687."

■ With this testimony of Davis excluded, the evidence is insufficient to establish that Davis and wife were estopped.

■ In a similar case, Hill v. Engel et ux. (Tex.Civ.App.) 89 S.W.(2d) 219, 220, Judge Alexander states several principles of law peculiarly applicable to the instant case. The facts are strikingly similar in both cases, the difference being that the suit was to recover upon a promissory note in the sum of about $1,200, given for material to erect a homestead, and the plaintiff did not take a nonsuit. With reference to the validity of the mechanic's lien contract, Judge Alexander, speaking for the court, said: "Since the mechanic's lien contract in question was not executed until after the material had been furnished and the improvements constructed, the purported mechanic's lien on the homestead was absolutely void. [Citing authorities.] Notwithstanding the lien was void, if the facts were such as to estop the makers from pleading its invalidity, the holder of the lien was entitled to foreclosure. [Citing authorities.]"

■ It appears in that case, as in this, that the party with whom Engel and wife

negotiated did not testify upon the issue of estoppel, and Judge Alexander said:

"The appellant offered no evidence whatever in support of his plea of estoppel except the original mechanic's lien contract, the renewal deed of trust and note, and the written transfer of the note to him. The mechanic's lien contract contained the following provisions: 'Said lumber and building material to be hereafter delivered to us by the said J. S. Pool Lumber Company to be used by us in and for the erection, repairs and improvements on our homestead.' The renewal deed of trust recited that the original mechanic's lien of which it was a renewal 'is now valid and subsisting.' Appellant did not offer any evidence to prove that he relied on the representations contained in said instruments and was misled thereby.

"In order for one to establish a plea of estoppel it is essential that he allege and prove not only that the misleading statements and representations were made by the parties sought to be estopped, but that he actually believed and relied on said representations and was misled to his injury thereby. [Citing authorities.] Since appellant failed to offer any evidence to prove that he actually relied on the representations contained in said mechanic's lien contract and in the deed of trust above referred to, he wholly failed to establish his plea of estoppel.

"If it be conceded that under the principles announced by the Supreme Court in Graves v. Kinney, 95 Tex. 210, 66 S.W. 293, the appellant would be entitled to foreclosure of his lien if he established that he purchased the lien in good faith for value and without notice of its inherent vice, we do not think the evidence was sufficient to authorize a judgment in his behalf because he made no attempt to prove that he purchased the lien in good faith for value and without notice. He introduced evidence sufficient to prove that he purchased the note, which by its terms was negotiable, before its maturity, and it may be conceded that in the absence of evidence to the contrary, the holder of a negotiable note is presumed to be a good-faith purchaser for value and without notice, and that his right to judgment for the debt evidenced by the note is not affected by the undisclosed equities between prior parties; but this rule of commercial law prevails merely for the purpose of facilitating the transfer of negotiable paper and applies only to the maker's personal obligation to pay the debt. It does not govern the right to enforce the lien. [Citing authorities.]"

This language is peculiarly applicable here because no effort was made to recover on the note, and the validity of the lien, as evidenced by the mechanic's lien contract and the deed of trust, is the only issue. Since mechanic's liens and deeds of trust are not negotiable instruments, the issue of bona fide purchaser is not in this case.

Judge Alexander proceeds as follows: "The original mechanic's lien contract, together with the renewal note and deed of trust securing the same, appeared to be regular, and the appellant, upon introducing same, established prima facie a right to recover on the note with foreclosure of the lien; but when appellees proved a state of facts that rendered the pretended lien on the homestead void as between the original parties, appellant's right to recover by virtue of the strict letter of the contract was lost. Such pretended lien could not thereafter be made valid, and if appellant was entitled to recover, it was not by virtue of the contract which, under the Constitution, was void, but because of the intervention of equitable principles in his behalf. [Citing authority.] In order for appellant to invoke the intervention of equitable principles in his behalf, the burden was on him to at least allege and prove that, without any fault on his part, an injustice would result to him if he should be denied the right to enforce the pretended lien. This necessarily included the obligation on his part to prove that he purchased the lien in reliance on its validity and without any notice of its invalidity. [Citing authorities.] He did not meet this burden by merely introducing the original mechanic's lien contract, together with the renewal note and the deed of trust securing same."

We deem it unnecessary to discuss any further authorities. The Hill Case and the authorities cited to sustain the court's holding seem to be conclusive of all the contentions presented. The Supreme Court refused a writ of error.

For the reasons stated, the judgment is reversed, and the cause is remanded.