EL PASO SASH & DOOR CO. et al. v. CRAWFORD. (No. 1823.)*

(Court of Civil Appeals of Texas. El Paso. March 25, 1926. Rehearing Denied April 15, 1926.)

1. Mortgages ⬄608½—Instruction requiring jury to find on preponderance of evidence that deed was mortgage without charging as to presumption held error.

In suit to have deed declared a mortgage, instruction requiring jury to find that deed was a mortgage from a preponderance of evidence without charging as to effect of deed and presumption arising therefrom, *held* erroneous.

2. Appeal and error ⬄1053(2)—Any error in admission of testimony held cured by instruction withdrawing it from jury's consideration.

In suit to have deed declared a mortgage on ground that it was given to secure payment of an indebtedness due lumber company, any error in admission of plaintiff's testimony that he received a 10 per cent. discount on purchases and bills from company *held* cured by instruction withdrawing testimony from jury's consideration.

3. Mortgages ⬄37(1)—On issue whether deed was a mortgage, testimony of witnesses as to examining property to determine its value with view to purchase thereof held inadmissible.

On issue whether deed was a mortgage to secure indebtedness to lumber company, evidence that stockholder in company and manager thereof examined property for purpose of determining its value and to discover whether they should acquire it for the company was inadmissible, where it did not appear that plaintiff was present, that trip was with his knowledge or consent, or that he had any connection with it.

4. Evidence ⬄471(9)—Testimony of witness as to another's reason for executing deed held inadmissible.

In suit to have deed declared a mortgage, testimony of third person as to why deed from plaintiff to defendant was executed *held* properly excluded as testimony of intent or motive of another.

5. Mortgages ⬄37(1)—Refusal to permit witness to testify that there was no agreement that deed was to be a mortgage held error.

In suit to have deed declared a mortgage, court erred in refusing to permit witness representing alleged mortgagee to testify that there was no agreement for execution of deed as mortgage.

6. Evidence ⬄471(9).

In suit to have deed declared a mortgage, court properly refused to allow defendant to testify as to purpose of deed from plaintiff to him.

7. Trial ⬄131(1)—Court should not permit argument on facts not in record, irrespective of objections, and must prevent argument improperly influencing jury in their deliberations.

Argument should be confined to evidence admitted in the case, and argument of facts not in record should not be permitted by court, whether objected to by opposite party or not, and court must prevent arguments which will improperly influence jury in their deliberations.

Higgins, J., dissenting in part.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by J. Mack Crawford against the El Paso Sash & Door Company and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Writ of error dismissed in 283 S. W. 754.

R. C. Walshe and Kemp & Nagle, all of El Paso, for appellants.

Lea, McGrady, Thomason & Edwards and Jones, Hardie & Grambling, all of El Paso, for appellee.

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted June 9, 1926.

PELPHREY, C. J. This suit was filed February 13, 1925, by appellee against appellants. Paragraph 1 of appellee's original petition was a straight trespass to try title suit on lots 9 to 16, inclusive, in block 50, Franklin Heights addition to the city of El Paso, Tex., and, in the second count, alleged in the alternative, in case he should not be entitled to recover under the allegations in the first count, that on or about the 5th day of April, 1916, the property in question was deeded to him by Mathilde Seixas Baldwin, individually, and as independent executrix of the estate of David G. Baldwin, appellee thereby becoming the owner of the property; that on or about the 11th day of February, 1925, appellant R. C. Walshe caused to be recorded in the office of the county clerk of El Paso county, Tex., a writing purporting to be a deed signed by J. Mack Crawford, which instrument purported to convey title to the property in question to the said R. C. Walshe, subject to a vendor's lien retained to secure the payment of three notes, two for the sum of $900 each, and one for $1,000, notes due one, two and three years after date; that said deed, as a matter of fact, was executed and delivered to R. C. Walshe for the purpose of securing the payment of an indebtedness due and to become due from appellee to appellant El Paso Sash & Door Company, a corporation; that the indebtedness had been fully paid, and that the recording of the deed by appellant Walshe had cast a cloud upon his title; that he is informed that appellant Walshe claims to hold the property in trust for the benefit of appellant El Paso Sash & Door Company; that appellant El Paso Sash & Door Company claims to be the owner of the property; and that he is informed and believes that appellant Walshe has executed a deed purporting to convey the property to appellant El Paso Sash & Door Company. Appellee prayed for judgment removing the cloud from his title and a cancellation of the deed.

In his trial amendment, appellee alleged that the deed executed by him was executed and delivered for the purpose of securing the payment of an indebtedness due and to become due from him to appellant El Paso Sash & Door Company, in pursance of an agreement between appellee and appellant El Paso Sash & Door Company, that said deed should be executed and delivered merely as security for the indebtedness due and to become due from him to the El Paso Sash & Door Company.

Appellants answered by general demurrer, plea of not guilty, and a general denial. The case was tried before a jury, and was submitted on one special issue, as follows:

"Was the deed from plaintiff, Crawford, to the defendant Walshe, dated April 22, 1916, executed and delivered in pursuance of an agreement between the plaintiff, Crawford, and the defendant El Paso Sash & Door Company, that same be executed to secure an indebtedness then due from Crawford to said defendant company, if such indebtedness there was, and indebtedness to become due from Crawford to said company, if such indebtedness to become due was contemplated by said parties at said time? Answer 'Yes' or 'No.'"

To this issue the jury answered "Yes," and the court rendered judgment in favor of appellee, removing clouds cast upon his title by the deeds from Crawford to Walshe and from Walshe to El Paso Sash & Door Company.

Appellant, under numerous assignments of error, attacks the sufficiency of the evidence, the charge as given, and complains of the court's actions in admitting certain testimony and refusing other testimony, of certain argument of counsel for appellee, and the refusal of the court to give certain requested instructions.

In this opinion we shall not attempt to dispose of all the questions raised in appellant's brief, but shall confine ourselves to a discussion of the sufficiency of the charge and the questions as to the admission of the testimony.

[1] Appellant, in its twenty-fifth assignment of error, contends that the court erred in not instructing the jury as to the legal effect of the deed from Crawford to Walshe. We think this assignment is well founded and should be sustained.

As above stated, the court submitted the case on the one special issue as to whether or not the deed from Crawford to Walshe was executed to secure an indebtedness due or to become due from Crawford to the El Paso Sash & Door Company, and instructed the jury to answer the question "Yes," if they found the affirmative thereof from a preponderance of the evidence; otherwise to answer it "No."

In the case of Howard et al. v. Zimpelman, 14 S. W. 59, the Supreme Court, in discussing the quantum of proof required to show a deed absolute on its face to be in fact a mortgage, and in passing on an instruction as to the measure of proof had this to say:

"It is against the policy of the law that a written instrument should be shown by parol testimony to have an effect different from that which its terms import, except upon very strong proof; but we are of opinion that to tell a jury a parol trust must be proved with certainty is calculated to mislead. 'Certainty' means the 'absence of doubt,' and the effect of such an instruction is to tell the jury that it must be proved beyond any doubt. Such a quantum of proof is not required in any case. In a case like the present, it would be proper to instruct the jury as to the legal effect of the conveyance, and that the parties to it are presumed in the first place to have intended that it should have that effect, but that they should find that a trust was intended, provided the other evidence be sufficient to overcome that presumption, and to reasonably satisfy them that such was in fact the intention."

In the case of Carl et al. v. Settegast et al., 237 S. W. 238, the Commission of Appeals, Section B, in passing upon an instruction as to the burden of proof in a case where a party was attempting to show that a deed was in fact a mortgage, held the Howard v. Zimpelman Case to control, and had this to say as to the instruction suggested in the Zimpelman Case:

"The opinion in that case does not expressly hold that the giving of the charge constituted reversible error; still the opinion constituted a direction to the district court upon a further trial of that case, for which purpose it was remanded. Therefore the expression of view by the Supreme Court as to the character of charge to be given was before the court as a matter of practical importance in that case; and, while it may be plausibly argued that the Supreme Court was not willing to hold that it was reversible error to give the charge, nevertheless the opinion is authoritative upon the proposition that the charge was improper, and in the rules announced as to the proper charge to be given upon a new trial of that case. The further contention is made that the Supreme Court in that opinion only questioned the propriety of the use of the expression 'with certainty,' which does not appear in the charge we are considering. Without entering into a discussion of the meaning of the expression 'clearly and to the satisfaction of the jury,' we believe the use of those words, or, in any event, the words 'to the satisfaction of the jury,' without qualification is equally objectionable to the words 'with certainty.'"

The holding of the Commission of Appeals on the question was expressly approved by the Supreme Court.

While we do not believe that either of the special charges requested by appellant measured up to the rules laid down by the court in the Zimpelman Case, we are of the opinion that they were sufficient suggestion to the court in connection with the objections made by appellant to the charge (Liddell v. Gordon [Tex. Com. App.] 254 S. W. 1098), and that the court should have instructed the jury as to the effect of the deed from Crawford to Walshe and the presumptions arising therefrom, and we are further of the opinion that his failure so to do requires a reversal of the case. As was said in the Zimpelman Case:

"It is against the policy of the law that a written instrument should be shown by parol testimony to have an effect different from that which its terms import, except upon very strong proof."

And it appears to us that a failure to instruct the jury as to the effect of the deed in this case and the presumptions therefrom arising placed upon appellee a less burden than should have been his in a case of this character, and that the jury might have, if they had been apprised of the presumption arising from the deed, answered the special issue differently.

In order that the trial court may have the benefit of our views on the questions, we will discuss the assignments of appellant as to the admission and rejection of testimony in the case.

[2] Appellant assigns error to the admission of the testimony of appellee, Crawford, that he got 10 per cent. discount on purchases and bills from the Southwestern Sash & Door Company, and we agree with that contention, but are of the opinion that any error therein was cured by the instruction of the court withdrawing that testimony from the consideration of the jury.

[3] We cannot agree with appellant in his contention that the witness Bassett should have been permitted to testify that he, as a stockholder in the El Paso Sash & Door Company, and George Evans, as manager of said corporation, went out to the property in question, to examine the property prior to the purchase thereof from the Baldwin estate, for the purpose of determining the value thereof, and whether or not they desired to acquire the ownership thereof for the El Paso Sash & Door Company. The record fails to show that appellee, Crawford, was present on the trip, that it was with his knowledge or consent, or that he had any connection with it, and consequently we think could in no way tend to prove or disprove the issue in the case.

[4, 5] Appellant, in several assignments of error, complains of the court's action in sustaining objections to certain testimony of the witness George Evans. We think the action of the court was correct in excluding that part of the testimony of the witness Evans as to why the deed from Crawford to Walshe was executed. A witness cannot testify to the intent or motive of another (Robertson v. Gourley, 19 S. W. 1006, 84 Tex. 575), and the reason for the execution of the deed from Crawford to Walshe involved the intention of Crawford to which Evans was not competent to testify; but we are of the opinion that the court was in error in refusing to permit Evans to testify that there was no agreement between himself, representing the El Paso Sash & Door Company, and Crawford that he (the said Crawford) should execute the deed to Walshe as a mortgage. Appellee having pleaded in his trial amendment that such an agreement was entered into and that the deed was executed pursuant to that agreement, we think the appellant was entitled to show that in fact no such agreement was made, and we know of no better way to prove that fact than by the statements of the party with whom the agreement was alleged to have been made.

The question for the jury to decide, as the case was submitted to them, was whether or not there was an agreement between Crawford and the El Paso Sash & Door Company that the deed from Crawford to Walshe was executed for the purpose of securing an indebtedness then due or to become due. Appel-

lee testified that his purpose in giving the deed to Walshe was to secure an indebtedness then due and to become due, and that he had a conversation with Evans, relative to the purpose of the deed before it was executed. The matters being before the jury, we certainly are of the opinion that Evans, who the record shows was representing appellant in the transaction, should be permitted to testify whether he made such an agreement with appellee or not.

[6] Appellant also assigns error to the action of the court in refusing to allow the witness R. C. Walshe to testify as to the purpose of the deed from Crawford to him. We cannot agree with their contention. It would certainly be competent for Walshe to testify as to his intention or motive in accepting the deed from Crawford, but he could not be permitted to testify as to the intention of either Crawford or Evans in the matter.

[7] Appellant complains of the argument of counsel, but, in view of our disposition of the case, we deem it unnecessary to discuss that assignment further than to say that argument should be confined to the evidence admitted in the case, and that argument of facts, not in the record, should not be permitted by the court, whether objected to by the opposite party or not, and that it is the duty of the court to prevent arguments which will improperly influence the jury in their deliberations.

For the reasons above stated, the case is reversed and remanded.

HIGGINS, J. (dissenting in part). This case was submitted under the special issue statute. The trial court, in my opinion, therefore, did not err in its refusal to give a charge general in its nature, announcing the doctrine laid down in Howard v. Zimpelman (Tex. Sup.) 14 S. W. 59. See Humble Oil & Refining Co. v. McLean (Tex. Com. App.) 280 S. W. 557; Connellee v. Nees (Tex. Com. App.) 266 S. W. 502; Railway v. Harrington (Tex. Com. App.) 235 S. W. 188.

However, I concur in the view expressed in the main opinion that certain testimony of the witness Evans was improperly excluded, and that the case should be reversed on that account.