**EL PASO SASH & DOOR CO. et al. v. CRAWFORD. (No. 1823.)**

(Court of Civil Appeals of Texas. El Paso. March 10, 1927.)

1. Trial ⬅⟫140(1)—Credibility of witnesses is for jury.

The credibility of witnesses is solely within the province of the jury.

2. Trial ⬅⟫139(1)—Weight of testimony is for jury.

The weight to be given the testimony of witnesses is a question solely within the province of the jury.

3. Appeal and error ⬅⟫996—Jury's findings will not be disturbed, where reasonable minds might draw different conclusions from evidence.

Where the evidence is such that reasonable minds might draw different conclusions therefrom, findings of the jury will not be disturbed.

⬅⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, El Paso County; P. R. Price, Judge.

On rehearing after remand from the Supreme Court (289 S. W. 994). Judgment below affirmed.

For previous opinion, see 283 S. W. 232.
See, also, 283 S. W. 754; 288 S. W. 169.

R. C. Walshe and Kemp & Nagle, all of El Paso, for appellants.

Lea, McGrady, Thomason & Edwards and Jones, Hardie & Grambling, all of El Paso, for appellee.

PELPHREY, C. J. On a former hearing this case was reversed and remanded. 283 S. W. 232. A writ of error was granted by the Supreme Court (283 S. W. 754), and the judgment of this court reversed and the judgment of the district court affirmed by the Commission of Appeals, Section B (288 S. W. 169). On motion for rehearing the Commission ordered the case reversed and remanded to this court (289 S. W. 994) for our action on the assignments of error complaining of the sufficiency of the evidence to support the verdict.

We refer to the statement of the case in our former opinion.

In accordance with the opinion of the Commission of Appeals, there remains only the one question calling for a decision by this court.

The sole issue submitted to the jury was as follows:

"Was the deed from plaintiff, Crawford, to the defendant Walshe, dated April 22, 1916, executed and delivered in pursuance of an agreement between the plaintiff, Crawford, and the defendant El Paso Sash & Door Company that same be executed to secure an indebtedness then due from Crawford to said defendant company, if such indebtedness there was, and indebtedness to become due from Crawford to said company, if such indebtedness to become due was contemplated by said parties at said time? Answer 'Yes' or 'No.'"

Appellants insist that the evidence is insufficient to support the jury's affirmative answer to the above issue.

There are only two witnesses who testified to the agreement made at the time of the execution of the deed from appellee to Walshe, namely, George Evans, manager of the El Paso Sash & Door Company, and appellee himself. There is an irreconcilable conflict between the versions of these witnesses as to what the understanding was, and there are circumstances shown by the evidence which tend to support the testimony of each.

After hearing these two witnesses from the stand, where their manner and appearance was observed, and having heard all the other evidence in corroboration, the jury found for appellee, and their finding was approved by the trial judge, who also heard and saw the witnesses.

[1-3] The credibility of the witnesses and the weight to be given to their testimony are questions solely within the province of the jury, and, where the evidence is such that reasonable minds might draw different conclusions therefrom, we do not feel that we should disturb their findings, and we therefore must overrule the assignments of appellants on this issue.

In accordance with the decision of the Commission of Appeals and our aforesaid conclusion, we affirm the judgment of the trial court.

Affirmed.